PASLEY, Respondent, v. KEMP, Appellant.

1. The supreme court will not reverse a judgment for the giving of an instruction which could not have prejudiced the appellant, nor for the refusal of instructions not warranted by the evidence.

*Appeal from Callaway Circuit Court.*

The case is stated in the opinion of the court.
*Gardenhire* and *H. C. Hayden*, for appellant.
*J. F. Jones*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This is an action of slander, for words charged to have been spoken by the defendant of the plaintiff. The words charged in the first count are as follows : "You (meaning plaintiff) were a damned rogue in Virginia, and have followed stealing since you (meaning plaintiff) have been here, (meaning in Callaway county, Missouri) ; you (meaning plaintiff) stole my (meaning defendant's) staves and nails." In the second count the words are thus charged : "I (meaning defendant) gave Samuel Pasley (meaning plaintiff) a damned good cursing yesterday : he (meaning plaintiff) was a damned rogue in Virginia, and has followed stealing since he has been here, (meaning Callaway county, Missouri) : he (meaning plaintiff) stole my (meaning defendant's) staves and nails, and I (meaning defendant) can prove it—God damn him."

The defendant denied the speaking of the words in his answer ; denied all the material allegations in the plaintiff's peti-

tion. The cause was tried and the jury returned their verdict for the plaintiff, and assessed his damages at $750. The plaintiff remitted the sum of $250, and judgment was rendered in his favor for the balance. The defendant moved for a new trial, also in arrest of judgment, which being overruled, he excepted, and brings the case here by appeal.

In this court, the defendant (that is the appellant) objects to the judgment of the Circuit Court, and insists that it ought to be reversed, because the testimony did not prove the words as laid down ; that, whether the words were proved or not was a question for the court, and if not proved, the plaintiff ought to have been nonsuited ; that the .2d and 3d instructions for the defendant ought to have been given to the jury ; and that the judgment ought to have been arrested, because the petition of the plaintiff is insufficient. Now as respects the proof of the speaking of the words, we think that it was sufficient to carry the case to the jury. The testimony, as set forth in the bill of exceptions, substantially proved some of the charges in the words, as laid in the petition. It was proved that defendant said, " Samuel Pasley (meaning the plaintiff) was a damned rogue, for he stole his (defendant's) staves and nails, and that he could prove it—God damn him."

There was much proof about the charge of being a " rogue in Virginia, and keeping up stealing out here." Indeed, the proof manifestly shows the conduct of a man of violent passions and regardless of his words, and the only excuse for his conduct, the habit of drinking spirituous liquors to excess—a most reprehensible habit, and rather an aggravation than excuse for an evil tongue. The words proved are almost identical with the words imputing one of the charges—" he stole my staves and nails."

We think the words, as laid, were sufficiently proved, at least to carry the case before the jury, and we have no doubt the defendant's counsel, at the trial, thought so likewise, otherwise he never would have omitted the proper time to make his objection for defect in proof. He would have made it before

the Circuit Court, and not waited until after verdict, and then, for the first time, make it in this court ; but we have given him the full benefit of his objection by considering it here, and we must say that the evidence sufficiently supports the charge. There is nothing, then, in the first objection taken by appellant's counsel.

As to the instructions. The first instruction given for plaintiff must have some words left out or misplaced. It has no meaning as it now stands ; that appellant's counsel says it is nonsensical ; be this as it may, it could have done the plaintiff no good, nor the defendant any harm. It has nothing of point or pith in it ; and, I have no doubt, it was a clerical mistake or blunder. It can do no harm. We will not send the case back for such an instruction. I have not thought it necessary to copy the instructions for the plaintiff, as the first is the only one complained of. The appellant asked nine instructions, and the court gave all but the second and third, and the refusal to give these is the principal ground of error complained of in this court. In the opinion of this court, the Circuit Court very properly refused to give the two instructions, neither one of which was warranted by the evidence in the case.

The second instruction is as follows : " 2d. When the slanderous words used impute the act to have been done in another state, it devolves upon the plaintiff, before he can recover, to prove either that he has sustained a special damage thereby, or, according to the laws of that state, the act charged would, if true, subject the plaintiff to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, if such words, as used, would not import a crime indictable at common law." There is nothing in the evidence warranting this instruction. The crime charged is stealing staves and nails— not in Virginia, but in Callaway county, Missouri. This, then, was a sufficient reason for refusing this instruction, if it were otherwise free from objection, which we, by no means, admit. (3 Murph., N. C., 463 ; 14 Johns. 234.)

The third instruction : " If one be charged with stealing under

such circumstances as show that no felony was capable of being committed, or at least was not committed, but that the act was a simple breach of trust, or a mere trespass, an action of slander can not be sustained therefor, and the jury must find for defendant." This instruction was also without any foundation. There was nothing in the case to authorize the court to give it. It was, therefore, properly refused.

In looking over the whole record, we are satisfied the case was properly and fairly submitted to the jury. The court instructed the jury on the prayer of the defendant, " that, before the jury can find for the plaintiff, they must be satisfied from the evidence that the words proved are substantially the same words as those charged in plaintiff's petition, and it is not sufficient that they contain substantially the same charge in different phraseology; for equivalent words of slander will not do, and that they must be satisfied that as many of the identical words as essentially constitute the slander have been proved precisely as laid, and must be proved in form as laid; that malice is essential to slander, and it must be shown by the plaintiff before he can recover. If defendant uttered enough of the identical words charged in plaintiff's petition to carry with them the slanderous imputation alleged, the law presumes he did it with malice; but he may rebut this presumption: and if the jury believe from the evidence that the defendant uttered the words without malice, and to those only who knew as much about the matter as he did, and were understood by all of them as referring to the acts of the plaintiff, not amounting to larceny, then the words were not slanderous, and the jury will find for the defendant."

From the facts in proof on this record, surely the defendant has no right to complain of the instructions. Under our statute of 1847, the petition is sufficient, and the court did right in overruling the motion in arrest. Upon the whole case, there appears no error calling for the correcting power of this court.

Judge Leonard concurring, the judgment below is affirmed.