STATE, Respondent, v. STUBBLEFIELD *et al.*, Appellants.

*Indictment.*—An indictment under the statute for disturbing religious worship, R. C. 1855, p. 630, § 30, which charges the offence in the words of the statute, is sufficient.

## Appeal from Christian Circuit Court.

The defendants were indicted at the September term, 1860, of the Christian Circuit Court, under the 30th sec. of the 8th art. of the act in regard to crimes and their punishment, (1 R. C. 1855, p. 630,) for disturbing religious worship. "The grand jurors, &c., present that Young Stubblefield and Martin Edwards, both late of the county aforesaid, on the first

day of January, in the year 1860, with force and arms, in the county afaresaid, did then and there wrongfully, maliciously and contemptuously disquiet and disturb a certain congregation and assembly of people met for religious worship, by making a noise, by rude behavior, by indecent behavior, and by profane discourse, within their place of worship, and so near to the same as to disturb the order and solemnity of the meeting, and did then and there wilfully, maliciously and contentiously menace, threaten and assault divers persons then and there, being contrary," &c.

At the March term of said court, for the year 1861, the defendant filed his motion to quash the indictment, alleging as a reason that it is double, and that two distinct offences are contained in the same count. This motion was overruled by the court, whereupon a trial was had and defendants found guilty. The court gave the following instructions on the part of the State:

1. The court instructs the jury that unless they believe from the evidence that defendant Martin Edwards disturbed or disquieted a congregation or assembly of people who had met for religious worship, either by making a noise or by rude or indecent behavior, or by profane discourse, to find the defendant Edwards not guilty.

2. The court instructs the jury, that, although they may believe that defendant Edwards made use of profane discourse, or was guilty of rude or indecent behavior, yet unless they further believe that a congregation or assembly of persons who had met for religious worship either heard him or saw him, and the order or solemnity of the meeting was disturbed by such acts or words, they ought to find him not guilty.

3. The court instructs the jury, that, unless they believe from the evidence that defendant Stubblefield did disturb or disquiet an assembly of people who had met for religious worship, either by rude or indecent behavior, yet unless they believe the order or solemnity of the meeting was disturbed thereby, they ought to find him not guilty.

The defendants filed their motion for a new trial, which, in addition to the causes usually assigned, was the following:

" 3. Because the jury, without authority, took and consulted law books after they had retired to make out their verdict, and was guided by the reading of said books."

Upon this cause alleged for setting aside the verdict, evidence was introduced by the defendants conducing to show that the jury took with them into their room the first volume of the revised statutes, which was shortly returned and the second volume taken.

The court overruled defendants' motion for a new trial; whereupon defendants filed their motion in arrest of judgment, which was overruled.

*Aikman Welch*, attorney general, for the State.

I. The court did not err in overruling defendants' motion to quash. The indictment is not bad for duplicity, for the offences charged are not repugnant, but will admit of the same judgment. (State v. Porter, 26 Mo. 206.) Charging several overt acts in a single count for disturbing religious worship, will not constitute duplicity in the indictment, because the charge consists in the disturbance of religious services, and the different acts committed are only the means to that end, and evidences of it. Where the time and place of the commission of various acts of disturbance are the same, the indictment charging such acts will not be held bad for duplicity, although all included in one count, for but one offence has been committed and but one charged; and it is questionable whether the defendants could be indicted for each act of disturbance, since the several acts are charged to have been committed at the same time and place.

The defendants might have been charged with but one act of disturbance, and convicted; but they could not also be indicted in a separate indictment for any other act committed at the same time and place. (1 Arch. Crim. Plead. 95 & 96, and *n.;* R. v. Fuller, 1 B. & P. 181; R. v. Jenner, 7 Mod. 400; 2 Burr, 983; State v. Porter, 26 Mo. 206.)

II. The instructions given by the court below, at the instance of the State, were too favorable for the defendants, and furnish no ground for the reversal of the judgment.

BATES, Judge, delivered the opinion of the court.

The indictment is sufficient. It follows the language of the statute, and the different acts charged to have been committed by the defendants constitute but the one offence of disturbing religious worship.

The record shows that it was testified to the court that the jury had with them in their retirement a copy of the revised statutes, but the record does not show whether the court believed the testimony so given, or what was the truth as to the matter. The instructions were very favorable to the defendants.

Judgment affirmed. Judges Bay and Dryden concur.