AUGUST OTTO, Respondent, v. HERMAN BENT, IMPLEADED WITH G. A. LEISSE, Appellant.

| 48 | 23 |
| 34a | 633 |

| 48 | 23 |
| 107 | 334 |

| 48 | 23 |
| 53a | 11 |

| 48 | 23 |
| 128 | 575 |

| 48 | 23 |
| 138 | 181 |

| 48 | 23 |
| 143 | 609 |

| 48 | 23 |
| 82a | 259 |

1. *Practice, civil — Trials — Declarations of law must be clearly stated.* — All declarations of law should be so clearly stated in the instructions that there can be no substantial danger that the jury will be misled.

2. *Practice, civil — Trials — Inconsistent instructions improper.* — Where two instructions are given which are both correct, but yet are apparently inconsistent or contradictory, it is error. The effect of correct instructions ought not to be impaired by those of an opposite tendency. (Buel v. St. Louis Transfer Co., 45 Mo. 562, cited and affirmed.)

3. *Practice, civil — Trials — Erroneous instructions not affecting the merit of the action, not ground for reversal.* — Instructions which do not materially affect the merits of the action, although erroneous, are not ground for reversing a judgment.

*Appeal from St. Louis Circuit Court.*

*Lubke & Player*, for appellant.

The first instruction given on motion of respondent is palpably erroneous. It asserts that unless the jury found that "at the time of the signing of said note, and before its delivery to the plaintiff, an agreement or understanding was had between him and said Bent and Leisse that said Bent and Leisse should be held and considered as indorsers," then the jury could not find that the appellant was an indorser of the note. Bearing in mind that it was shown by Bent that he was an indorser of the note before Frank Leisse delivered it to Otto, it might be claimed that Otto, when he gave value for the note to Frank Leisse, became an innocent holder of the note and could not be bound by any understanding concerning the character of Bent's indorsement or signature on the note which might have existed between Frank

Leisse and Bent, unless he (Otto) had received notice of it before he purchased the note. Therefore the appellant introduced testimony tending to show that Otto did know of the character of the signature before he purchased. And having introduced that proof, he asked, and the court gave, the first instruction given for defendant. But when that instruction was read, with the one given for the respondent, the jury were instructed to find that, " at the time of the signing of said note "— *i. e.*, at the interview between Bent and Frank Leisse — an agreement was had between Bent and Otto to the effect that Bent was to be held and considered as an indorser. This fact the jury could not find without violating their oaths; hence their verdict. These two instructions are inconsistent, *i. e.*, if read side by side they present theories of law utterly inconsistent with each other when applied to the case. Furthermore, they actually misled the jury. (Buel v. St. Louis Transfer Co., 45 Mo. 564.)

*F. & L. Gottschalk*, for respondent.

I. " A person who writes his name on the back of a note, he not being payee, is *prima facie* a maker, but may be permitted to show that he did not sign as maker, but as indorser, and that such was the understanding of the parties at the time." (Powell v. Thomas, 7 Mo. 440; Lewis v. Harvey, 18 Mo. 74, 80; Perry v. Barrett, 18 Mo. 140; Baker v. Block, 30 Mo. 225.)

II. Defendant set up in his answer that "they," meaning himself and co-defendant, G. A. Leisse, " did so write their names on the back of said note with the understanding between them and the plaintiff and said Frank Leisse that they were to be taken and considered as indorsers thereof." Defendant had to prove such understanding, yet he swears he never saw plaintiff about the note before its delivery. There being no such understanding, the law declares in what character he is to be held; and that he signed as surety does not release him. (Baker v. Block, *supra;* Lewis v. Harvey, 18 Mo. 76; 5 Mass. 358; 6 Mass. 519; 7 Mass. 518; Buckner v. Liebig, 38 Mo. 188; Schmidt v. Schmaelter, 45 Mo. 188; Jones v. Louderman, 39 Mo. 287.)

III. The instructions were correct.

BLISS, Judge, delivered the opinion of the court.

The defendant, with Frank Leisse and G. A. Leisse, was sued as maker of a promissory note for $1,000, payable to the order of plaintiff; and defendant and said G. A. Leisse were described as sureties for said Frank. The defendant and G. A. Leisse, answering, admit that they put their names upon the back of the note, but allege that it was done with the express understanding, between them and plaintiff and said Frank, that they were to be held as indorsers, and not as makers, and that plaintiff failed to make demand and give notice of non-payment as required by law. Upon this issue the case was tried, and the plaintiff recovered judgment, from which defendant Bent appeals.

Upon the trial the jury were instructed, at the instance of defendants' counsel, that if they found that defendants, Bent and G. A. Leisse, put their names upon the note with the understanding that they were to be treated as indorsers, and plaintiff knew this before he received it, then they must find a verdict in favor of said defendants. But the court also, at plaintiff's instance, gave the following instruction: "Before the jury can find that the defendants, Herman Bent and G. A. Leisse, or either of them, were indorsers of the note sued upon, they must first be satisfied, from the evidence adduced in this cause, that at the time of signing said note, and before its delivery to the plaintiff, an agreement or understanding was had between him and the said Bent and Leisse, that said Bent and Leisse should be held and considered as indorsers."

The evidence clearly shows that the plaintiff never saw Bent until after the note was due; and the theory of the defense was that Frank Leisse, the principal, upon the delivery of the note, informed the plaintiff that the other parties had given him their names as indorsers, and were to be so treated, and that plaintiff received the note upon that understanding.

The defendant complains of the last-named instruction because it would prevent him from pressing this theory upon the jury, inasmuch as it requires, or seems to require, that the agreement should be made at the time the names were put upon the paper,

and between those who placed them there and the plaintiff. If the above theory was established by evidence, and if, when established, it would constitute a good defense, it is clear that this instruction was calculated to mislead the jury. All questions of law should be so clearly stated that there can be no substantial danger that the jury will be misled. A construction may possibly be given to the instruction last quoted consistent with the other and with the law, but, if so, it is certainly ambiguous. If the alleged agreement was made between the principal and Bent and G. A. Leisse, and that agreement was communicated to the plaintiff when or before he accepted the note, it may be, in legal effect, an agreement between the plaintiff and defendants in relation to the effect of their indorsement. But this legal effect the jury are not supposed to know, and they would naturally infer that the agreement must be made directly between the plaintiff and indorsers, and also they would naturally infer that it must have been made between them at the time of signing the notes. It is true, the court gave the law correctly at the instance of defendants ; but when there is a contradiction or inconsistency, which shall the jury follow? The effect of correct instructions ought not to be impaired by those of an opposite tendency. (Buel v. St. Louis Transfer Co., 45 Mo. 562.)

But notwithstanding the error of this instruction, we cannot reverse the judgment, for the reason that it did not "materially affect the merits of the action." (2 Wagn. Stat. 1068, § 32.) There was, in fact, no evidence worthy of consideration to sustain the defense. It does not appear even from defendant's own testimony that any express agreement was made when he put his name to the note, or at any other time, in regard to the legal relation he was to sustain to it. He was asked to indorse the note, and he indorsed it, without any stipulations as to whether he was to be held to the obligations of an indorser of negotiable paper already indorsed by the payee, or otherwise. In the absence of such express stipulation the law made him a maker, and the judgment against him as such is the only one that could have been legally given, and should not be disturbed. If there had been evidence to sustain the defense, a new trial should be granted ;

but this court ought not to set aside a judgment where the record shows that no other result could be had by a new trial.

The other judges concurring, the judgment will be affirmed.