State v. James.

———o———

STATE OF MISSOURI, Respondent, *vs.* WILLIAM JAMES, Appellant.

1. *Indictment following language of statute sufficient, when.*—An indictment for circulating scrip, etc. (Wagn. Stat., 210, § 1) which fully describes the offense under the act and follows the language of the statute is sufficient.

2. *Agent—Liability of principal for act of—Scrip, circulation of, contrary to statute —Agent and principal—Connection of, evidence as to.*—Where an agent puts in circulation, receives or offers in payment a note or scrip, or other instrument of writing in lieu of money, (Wagn. Stat. 210, § 1) the agent is guilty under the statute of a misdemeanor, and, unless the principal can be connected with the act by other evidence than that of a general employment, the latter is not liable. If the act be done by the command or direction of the principal then both are equally liable. And the command or direction may be shown by direct evidence, or by the presence of the principal at the time the instrument is put in circulation, or when received in payment. And the act of the agent may be shown without connecting the principal in the first instance therewith, if that be done afterward, during the progress of the trial. If not, the evidence may be ruled out by a proper instruction.

State v. James.

3. *Indictment—Scrip, circulation of—Allegation and proof as to denomination—Intent of defendant not essential under statute.*—On an indictment for circulation of scrip in lieu of money, which charges that the scrip was of the denomination of one and five dollars, an instruction which does not confine the consideration of the jury to paper of those denominations is erroneous. And an instruction that to convict him it must appear that defendant intended that the scrip be used as a medium of trade in lieu of money, is also erroneous. Under the statute such intent is not essential.

4. *Indictment—Circulation of scrip—Two counts for same offense, separate fine under each—Fine, cumulative and unwarranted, when.*—Where in an indictment under the statute (Wagn. Stat. 210, § 1), for circulating scrip, etc., the first count charged the paper to be scrip, and the second described the medium as a note, both were held to be substantially different statements of the same offense, made to anticipate any variance in the evidence; and since the jury were authorized under the law to assess the punishment and mulcted defendant with a fine of $5,000 under each count, it was held that the fine under the first count was the maximum contemplated by the statute (Wagn. Stat., 1108); that the additional fine under the second count was cumulative and not warranted by law.

## *Appeal from Phelps Circuit Court.*

*Lay & Belch*, for Appellant, cited: Chitt. Cont. 218; 1 Pars. Cont. 42; Greenl. Ev. § 68; State vs. Page, 19 Mo. 213, 219–20; People *ex rel.* Tweed vs. Liscomb, 60 N. Y. 559; U. S. vs. Magwire, Ap. 1876, p. 273.

*J. A. Hockaday, Att'y Gen'l*, for Respondent, cited: State vs. Page, 19 Mo. 219; State vs. Roehm, 61 Mo. 83; Edwardson vs. Garnhardt, 56 Mo. 87; 49 Mo. 298; 51 Mo. 269; State vs. Marshall, 36 Mo. 400; Hayden vs. Tucker, 37 Mo. 225; Gregory vs. Regina, 15 Q. B. 974; Young vs. The King, 3 Q. B. 98; People vs. Gates, 13 Wend. 311; People *ex rel.* Tweed vs. Liscomb, 60 N. Y. 564, and authorities cited by district attorney.

NORTON, Judge, delivered the opinion of the court.

The indictment in this case is founded on Wagn. Stat., 210, § 1, and consists of three counts... The first count charges that defendant being a person unauthorized so to do, did unlawfully create, issue and put in circulation as a circulating medium divers notes, to-wit: two notes, each of the denomination of one dollar, and each note evidencing that it would be received in payment of debts and used as a currency and medium of exchange in lieu of

money, contrary, etc., against the peace, etc., of the State. The second count charges the same offense, and only varies from the first in using the word " scrip " instead of " notes." The third count only varies from the other two in charging defendant with creating and circulating, etc., two notes each, of the denomination of five dollars. At the August term of the Phelps County Circuit Court, defendant was tried by a jury, and was found guilty as charged in the first and second counts, and his fine assessed at five thousand dollars on each count. Upon this finding the court entered up judgment against defendant for ten thousand dollars. After the overruling of motions in arrest and for a new trial, to which exceptions were taken, the cause was brought here by appeal.

It is urged here that the indictment is defective because the notes and scrip are not sufficiently described, and because no offense known to the statute is charged.

The statute on which the indictment is founded (Wagn. Stat., 210, § 1,) declares " that no person unauthorized by law shall create or put in circulation as a circulating medium any note, bill, check or ticket, or other instrument of writing purporting or evidencing that any money will be paid to the receiver, bearer or holder thereof, or to any person by any name or description whatsoever, or that it will be received in payment of debts or be used as a currency or medium of trade, in lieu of money." The indictment states every fact and circumstance descriptive of the offense as defined by the statute, and follows the language of it, and is therefore sufficient under repeated decisions of this court. (State vs. Bateson, 31 Mo. 343 ; State vs. Stubblefield, 32 Mo. 563 ; State vs. Hereford, 13 Mo. 3.)

In support of the indictment the State offered in evidence two engraved notes, as follows :

State of Missouri,      (Vignette) No. 599.                    One.
Merrimac Iron Works,                                          A.
                February 1, 1869.

I will pay to the bearer one dollar in merchandise at cash prices, on presentation of this note at my store.

WM. JAMES.

The other note was of the same date and description.

In further support of the indictment several witnesses were permitted to testify that such notes as the above were in circulation at St. James ; that the defendant had places of business in St. James ; that they had given notes like the above to the book-keeper of defendant in payment of bills of flour, etc., bought at defendant's mill and store, and also to one Pinto and others who did business for defendant in payment of debts for rent and shop bills.

Defendant objected to the reception of the evidence, on the ground that it was not first shown that such agents had authority from defendant to issue, pay out or receive such notes. Under the second section of the act on which this proceeding is instituted, it is made an offense for any person to put in circulation any such note as is described above; and by the third section, it is unlawful for any person to receive or offer in payment any such note. So that their agents, in putting in circulation, receiving or offering in payment the notes in question were guilty of unlawful acts amounting to misdemeanors, so far as they related to the circulation of such paper, and unless the defendant was connected with these unlawful acts by other evidence than that which showed a general employment of these agents, he is not liable for their acts. If these acts were done by the command or direction of defendant, then both would be equally liable to the penalties which the law imposes. This command or direction to the agent could be shown by direct evidence of the fact, or by his presence at the time of their being thus put in circulation, or at the time they were received in payment for debts or for merchandise sold. The only authority which the law presumes to be conferred on an agent is an authority to do all lawful acts pertaining to his employment. (1 Greenl. Ev. § 68.) While the evidence offered could not be received to bind defendant, unless he was connected with the transaction by other evidence, it might well have been received for the purpose of showing that such notes were in circulation in that community. If in the progress of the trial the evidence failed to connect defendant

with such circulation, the court should have instructed the jury as to its legal effect.

The fact of creating and circulating such notes must be established, as other facts are established. It must be shown that they were made by the defendant, or authorized to be made, or recognized by him after they were made, or that they were circulated by him, or that he authorized them to be circulated.

The objection made to the reception of the notes in evidence on the ground that they did not support the allegations of the indictment, and that there was no evidence that defendant had created the notes, was properly overruled. The notes offered as evidence answered fully the description in the indictment, and it was shown by one witness that defendant on one occasion gave "greenbacks" for two of them of the denomination of five dollars each.

On the part of the State the court instructed the jury, that if defendant created, issued or put in circulation as a circulating medium, any scrip or notes, and that said notes were used in the payment of debts, or used as a currency or medium of trade in lieu of money, they would find defendant guilty.

The evidence showed that scrip or notes of the denomination of one, two, three and five dollars were in circulation. The indictment charged the defendant with creating and circulating notes of the denomination of one and five dollars, and the instruction given was erroneous in not confining the consideration of the jury to notes of the denomination charged in the indictment. Under it, although the jury might believe that defendant did not create or circulate notes of the denomination of one and five dollars, yet if they believed that defendant did create or circulate notes of the denomination of two and three dollars, they were required to find him guilty, although not charged in the indictment with the creation or circulation of such notes.

The sixth instruction asked · by defendant, " that defendant could not be held to answer for the acts of others, in taking up and circulating the notes or bills of the character of those read in evidence, unless authorized by him, and that such authority cannot be inferred from a general employment, but must be shown

by other evidence to the satisfaction of the jury," ought to have been given, and the trial court committed error in refusing it.

The fifth instruction which asked the court to declare "that although the jury might believe that defendant created and issued the notes of the denomination of one dollar to his employees, unless they believe it was done with the intention that they should be used as a medium of trade in lieu of money, they should acquit," was properly refused. Under the statutes it is not a question of intention; the offense consists in creating or putting in circulation as a circulating medium.

It is also urged by defendant's counsel that the first and second counts of the indictment charge the same offense, and were supported by the same evidence, and that the verdict of the jury finding defendant guilty on both counts, assessing his fine on each at five thousand dollars, and the judgment of the court thereon for ten thousand dollars, inflicted upon defendant double and cumulative punishment. The case of The People *ex rel.* Tweed vs. Liscomb is cited as authority in support of this view. In that case the relator Tweed had been tried on an indictment containing 220 counts, each charging a misdemeanor by neglect of duty as one of the board of auditors of claims against the county of New York. He was found guilty upon 204 of the counts, upon twelve of them the court sentenced him to twelve successive terms of imprisonment of one year each, and to fines of $250 each. The highest punishment imposed by the statute under which he was indicted, was one year's imprisonment and a fine of $250. After Tweed had suffered one year of imprisonment and paid one fine of $250, he instituted proceedings by *habeas corpus* and asked his discharge from further imprisonment, on the ground that the judgment of the court in which he was tried, in so far as it sentenced him to imprisonment on the verdict of the jury, in excess of one year, and to the payment of fines in excess of $250 was void.

In disposing of this point, which was the principal one before the court, they say : " In theory every count in an indictment is for a distinct offense, but in fact, in most cases, as is well understood, several counts are resorted to and the same offense stated

in different forms and with different circumstances, to meet the evidence that may be adduced on the trial. In no event could there be in such cases but a single punishment, and that as for one offense charged, in different ways to avoid a variance." It is further added, "that no authority is found for holding that the common law as it existed in England in 1775, or as it exists and is administrated in this State, permits cumulative sentences to be imposed on conviction for several distinct misdemeanors charged in different counts in a single indictment, in the aggregate exceeding the punishment prescribed by law as the extreme limit of punishment for a single misdemeanor. The power of the court was exhausted by one sentence to imprisonment for one year and a fine of two hundred and fifty dollars, or if several judgments can be pronounced by a sentence, the same in the aggregate distributing such punishment and apportioning it to the convictions on the several counts according to the demerits of the offenses charged in each, each and every of the judgments in excess of that limit was *coram non judice*."

The point was ruled in favor of the relator, Tweed, and he was discharged.

The difference between that case and the case at bar is, that the statute under which defendant, James, was convicted, fixes the minimum punishment at a fine of $250, but leaves the maximum punishment to the discretion of the court or jury. In such cases it is provided by section 4, Wagn. Stat. 1108, that when there is any alternative or discretion in regard to the kind or extent of punishment to be inflicted, the jury may assess and declare the punishment in their verdict.

The case before us cannot be brought within the principle of the Tweed case, on the point that the judgment of the court in excess of the maximum punishment prescribed is void, unless it be considered that the maximum punishment was fixed in the verdict of the jury assessing the punishment of defendant on the first count at a fine of five thousand dollars.

This view would seem to be the correct one, especially when considered in connection with the fact that the section of the act above quoted authorized the jury to assess the punishment, and

the further fact that the offense charged in both counts of the indictment, on which the defendant was convicted, was, substantially and in fact, but one offense differently stated to meet or anticipate any variance in the evidence—the only variance in the two counts being that the paper was described in the first count as two notes, and in the second as two scrips.

Judgment reversed and cause remanded. The other judges concur.