JOSEPH GRELLE, Respondent, *v.* THEODORE LOXEN ET AL., Appellants.

April 15, 1879.

1. A petition on a promissory note, which does not allege that the defendant promised to pay, but only that he put his name upon the back of the note before delivery, is good after verdict, where it appears from the answer that the defendant was apprised that he was charged as joint maker.

2. In such a case, possession of the note is *prima facie* evidence that it was acquired in good faith, in the regular course of business; and the presumption is that the names were placed on the back of the note in the order in which they appear, and that the defendant was a joint maker of the note, his name appearing above that of the payee.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

JECKO & HOSPES, for appellants.

FINKELNBURG & RASSIEUR, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The petition alleges that the defendant Loxen executed and delivered his negotiable promissory note, whereby he

promised, for value received, to pay to the plaintiff the sum of $1,000, etc. ; that thereupon the note was signed on the reverse thereof by the defendant Beckerman, whereupon it was delivered to the plaintiff, who is now the owner thereof for value, etc. It is further alleged that the note was duly protested, etc., for non-payment. The answer of the defendant Beckerman denies that his signature on the reverse of the note was made before its delivery to the plaintiff; denies the alleged protest and notice ; and alleges that he indorsed the note for the plaintiff's accommodation, after its delivery, and without consideration. The plaintiff replied, putting in issue the new matter alleged in the answer. Loxen suffered a judgment by default, and the issues between the other parties were tried before the court, sitting as a jury, whereupon the plaintiff obtained judgment.

The only testimony introduced consisted of the note with its indorsement and the notarial protest. As the defendant Beckerman, if liable at all, was liable as a maker only, the protest and notice cut no figure in the case. The only question is, whether, under the pleadings and the proofs, the plaintiff has made out a case against the defendants.

The petition is loosely drawn. It does not in terms allege a promise by Beckerman, but only that he put his name on the back of the note before its delivery. As the defendant interposed no objection on this account, but in his answer tendered issues indicating that he was fully apprised of the plaintiff's intent to charge him by the petition as a maker and joint promisor, the defect in this respect was cured.

The possession of the note by the plaintiff was *prima facie* evidence that he had acquired it in good faith, for value, in the usual course of business. *Shirts* v. *Overjohn*, 60 Mo. 305. The name of Beckerman appears first on the back of the note, and that of the plaintiff is written underneath. The presumption is that the names were severally

placed there in that order of time. As there was nothing to rebut this presumption, we cannot say that there was absolutely no testimony to sustain the finding of the court to that effect. As the note was not drawn payable to the defendant, his signature on the back, before it passed to the payee, made him responsible as a joint maker with the other promisor. *Schneider* v. *Schiffman*, 20 Mo. 571 ; *Otto* v. *Bent*, 48 Mo. 23 ; *Baker* v. *Block*, 30 Mo. 225.

There is no error in the record. All the judges concurring, the judgment is affirmed.