THE STATE v. GOSS, *Appellant.*

1. **Indictment**: INDORSEMENT OF NAME OF PROSECUTOR. It is not required that the name of a prosecutor shall be indorsed upon an indictment for maiming, beating and torturing defendant's own cow. The statute which makes this requirement applies only to indictments charging trespasses against the person or property of another. 2 Wag. Stat., 1084, § 22.

2. ——— : MAIMING CATTLE. An indictment under the statute, (2 Wag. Stat., p. 506, § 46,) for maiming, beating and torturing cattle, need not aver the mode in which or the means by which the offense was committed.

*Appeal from Lawrence Circuit Court.*—HON. JOS. CRAVENS, Judge.

AFFIRMED.

*John G. Wear* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

NORTON, J.—The defendant was indicted in the Lawrence county circuit court for "cruelly and maliciously maiming, beating and torturing a certain cow, the property of defendant." He was tried, convicted, and his punishment assessed at a fine of $20. From this judgment he appeals, and assigns for error the action of the court in overruling his motion to quash the indictment, and also the motion in arrest of judgment.

The court was asked to quash the indictment, because no prosecutor's name was indorsed on the indictment. Section 22, page 1084, Wagner's Statutes, only requires the name of a prosecutor to be indorsed on an indictment when the indictment charges a trespass against the person or property of another, and as this indictment charges that the maiming, beating and torturing was of defendant's own cow, the statute in question has no application, and the motion to quash was properly overruled.

The court was also asked to arrest the judgment on the alleged ground that the indictment was too vague and defective to support the judgment, that it did not aver the mode or manner of the beating, wounding and torturing of the animal. We are of the opinion that these objections are not well taken. The indictment was framed on section 46, Wagner's Statutes, 506, and charges the offense in the language of the statute creating it, and is, therefore, sufficient. *State v. Stubblefield,* 32 Mo. 563 ; *State v. Addcock,* 65 Mo. 590. Nor was it necessary to aver in the indictment the means used in beating, maiming and tortur-

ing the cow. A similar question was involved in the case of the *State v. Hambleton*, 22 Mo. 452, and it was so ruled.

Judgment affirmed, in which all concur, except RAY, J., absent.