### THE STATE v. BURR, *Appellant.*

1.  **Pleading, Criminal:**  INFORMATION.   An information which charges an offense in the language of the statute creating it, is sufficient.
2.  **Practice, Criminal:**  INSTRUCTIONS.  The giving of an instruction authorizing a greater punishment than allowed by law, will not constitute reversible error where the jury assess the minimum punishment allowed by law.

*Appeal from Barton Circuit Court.*—HON. J. D. PARKINSON, Judge.

AFFIRMED.

*Morgan & Buter* for appellant.

The information states no cause of action.   It does not allege that defendant entered the inclosure without leave of the owner thereof, and that is the very essence of the offense.   The terms willfully and maliciously used in the information, apply to a different clause and different offense, and cannot be construed to supply by implication the allegation left out of this information.   Moreover, watermelons are not included in the act.   The various kinds

of plants, bushes and vines intended to be protected, are specifically mentioned, and watermelons are not named. The rule is, where general words follow particular ones, to construe the former as applicable to the things or persons particularly mentioned. *St. Louis v. Laughlin,* 49 Mo. 559. The only instruction given by the court is erroneous. It was calculated to prejudice the jury by leading them to believe that the offense was of so serious a nature that on conviction it might be punishable by imprisonment in the county jail for one year, whereas, under the then existing law, three months was the maximum. Wag. Stat., p. 464, § 65.

*D. H. McIntyre,* Attorney General, for the State.

The information charged the offense in the language of the statute (Wag. Stat., p. 464, § 65), creating it, and is sufficient. It was exhibited by the prosecuting attorney, who was the proper officer. Laws 1877, p. 355, § 6. And the justice had jurisdiction. Laws 1877, p. 281, § 1. The instruction given erroneously declared the penalty affixed to the commission of the offense, but inasmuch as the jury assessed a fine of $5, the very minimum prescribed by the law in force when the offense was committed, it is clearly not an error of which defendant can be heard to complain.

EWING, C.—This was a proceeding by information, before a justice of the peace, under section 65, 1 Wagner's Statutes, p. 464. The information charges that the defendant did willfully, maliciously, and unlawfully enter the inclosure of R. D. Chappell, without leave so to do, and did then and there pick, pull off, destroy and carry away a large lot of watermelons, the fruit of certain cultivated vines. A fine of five dollars was assessed against the defendant by a jury in the justice's court; and again on a new trial in the circuit court, a jury found him guilty, and assessed his punishment at a similar fine.

I. At the trial in the circuit court, defendant objected to the introduction of any evidence, on the ground that the information did not state facts sufficient to show that any offense had been committed. Upon this question, it is sufficient to say, that the information followed the language of the statute in describing the offense, which is all that is necessary. *State v. James*, 63 Mo. 570.

II. The defendant objected to the following instruction, which was asked by the State and given, to-wit:

"If they believe from the evidence, that defendant, at the county of Barton, and State of Missouri, did willfully, maliciously, and without leave, enter the enclosure of R. D. Chappel, on or about the 24th day of July, 1879, and did then and there pick, pull off or destroy, or carry away any watermelons, the fruit of certain cultivated watermelon vines, then they shall find the defendant guilty, and assess his punishment at a fine of not exceeding $5, or by imprisonment in the county jail, not exceeding one year, or by both such fine and imprisonment.

The jury found the defendant guilty, and assessed his punishment at a fine of $5.

Under the act creating the offense, it was punishable "by fine not less than $5 nor more than $50, or by imprisonment in the jail of the county not exceeding three months. or both such fine and imprisonment, and shall, moreover, be liable in double the amount of damages to the party injured.

This instruction was undoubtedly erroneous. It told the jury that if guilty, the defendant was liable to imprisonment not exceeding one year, whereas he was only subject to imprisonment, not exceeding three months. Such an instruction might prejudice the rights of a defendant. The jury might be led into assessing a greater punishment, where the range was as great as from one day to one year, than where it was from one day to three months; and hence such an instruction is erroneous. In this case, however, the minimum punishment fixed by statute, is a fine of

$5. The jury assessed the fine at that sum, and the defendant was not injured, or in any way affected by the erroneous instruction. The error, therefore, did not "materially affect the merits" of the case. § 3,775, R. S. 1879; *Otto v. Bent*, 48 Mo. 23.

The evidence was conclusive, the information was formal and sufficient, and for these reasons, the judgment is affirmed. All concur.