STATE OF MISSOURI, Respondent, v. JACOB HEDRICK Appellant.

St. Louis Court of Appeals, February 9, 1886.

CRIMINAL LAW—INDICTMENT.—An indictment which follows the language of the statute and apprises the defendant of the offence of which he is charged, is sufficient.

APPEAL from the Stone County Circuit Court, W. F. GEIGER, Judge.

*Affirmed.*

J. M. PATTERSON, for the appellant.

THOMAS L. VILES, for respondent.

ROMBAUER, J., delivered the opinion of the court.

The defendant was indicted, arraigned, tried, and found guilty of a violation of the statute concerning the carrying of concealed weapons.. Rev. Stat., sect. 1274, amended March 5, 1883. The cause was tried by the court without a jury and he was sentenced to pay a fine of twenty-five dollars.

The law provides that if any person shall go into any place where people are assembled for social purposes, having upon his person any kind of firearms, or other deadly weapon, he shall, upon conviction, be punished by a fine of not less than twenty dollars, nor more than two hundred dollars.

The indictment charged the defendant with "unlawfully going into an assembly of persons met for social purposes, having upon and about his person a certain dangerous and deadly weapon, to-wit, a revolving pistol," etc.

The defendant moved to quash the indictment, and also in arrest of judgment on the ground that the indict-

ment was insufficient. These motions were properly overruled. The indictment followed the language of the statute, and it has been frequently held that that was sufficient. *The State v. Roehm*, 61 Mo. 82 ; *The State v. James*, 63 Mo. 570, 572; *The State v. Addock*, 65 Mo. 590, 592.

No instructions for the state were given. On behalf of the defendant the court instructed the jury that it was incumbent upon the state to show that the defendant went into an assembly of persons with a dangerous weapon, that the assembly was a lawful assembly, and had met entirely for social purposes, and that it was not sufficient to warrant a conviction that the defendant was seen outside of the assembly with a pistol.

This charge covered the whole case and was as favorable to the defendant as he had any right to demand. There was sufficient testimony to support the finding.

No error appearing on the record proper, or in matters made part of the record by bill of exceptions, the judgment is affirmed. All the judges concur.