G. W. GOODWIN, Respondent, v. THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, January 31, 1893.

Practice, Appellate: INSTRUCTIONS: NON-PREJUDICIAL ERROR. When it is apparent that an erroneous instruction did no harm, that is, when it is manifest that the same result must ensue upon a correction of the error, the judgment will not be reversed on account thereof.

*Appeal from the Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Olden & Orr*, for appellant.

No brief filed for respondent.

BIGGS, J.—The plaintiff brought this action before a justice of the peace, under section 2611 of the Revised Statutes of 1889, to recover double damages for the killing of a cow by the defendant's cars. The plaintiff recovered before the justice, and also in the circuit

court, and the defendant, by successive appeals, has brought the case here for review.

The cause was submitted to the jury on the following instruction asked by the plaintiff, of which the defendant complains: "Gentlemen of the jury: If you believe from the evidence that the defendant, the Kansas City, Fort Scott & Memphis Railroad Company, was the owner of and operating a railroad on the twenty-seventh day of July, 1889, through Lynn township, Oregon county, Missouri, and while operating the same the plaintiff's cow in question got upon the track of said road in said township, at a point where the road was not fenced, and not at any public or private crossing, or in the limits of any town, and was struck and killed by defendant's engine or cars while running on said road, then you should find for plaintiff and assess the value of the cow at her actual market value at the time she was killed, not to exceed $35."

It was necessary for the plaintiff to prove that the animal came upon the track at a place where the law required the defendant to fence its right of way, and an instruction properly drawn should have so limited the recovery. The instruction here is faulty in that it does not negative the idea that the animal might have come upon the track at a station, in which event the defendant would not be liable in this action. But we do not think the error in any way affected the merits of the controversy, and taking this view we ought not to reverse the judgment. Revised Statutes, 1889, sec. 2303. In applying this statute to errors in instructions the supreme court has ruled that, where it is apparent that an erroneous instruction did no harm, that is, where it is manifest that the same result must ensue upon a correction of the error, the judgment will not be reversed on account of it. *Chouteau*

*v. Uhrig*, 10 Mo. 62; *Walter v. Cathcart*, 18 Mo. 256; *Pasley v. Kemp*, 22 Mo. 409; *Otto v. Bent*, 48 Mo. 23.

In the present case the defendant introduced no testimony, and upon this record has no defense to the merits. While plaintiff's evidence is somewhat blind as to the character of the place where the cow came upon the track, yet the uncontradicted evidence tended to show that it was not at a public or private crossing, nor within the switch or yard limits of a station. This evidence necessarily located the place at a point where the railroad passed through inclosed or uninclosed lands. The evidence also tended to prove without any contradiction that the railroad was not fenced at the place where the cow came upon the track, and that she was struck and killed by the train. Therefore, if a new trial should be ordered, and the error in the instruction corrected, it is not reasonable to conclude that a different result would be reached, nor do we think it ought to be reached.

With the concurrence of the other judges, the judgment will be affirmed. It is so ordered.