JOHN O. F. DELANEY, Respondent, v. SAMUEL BOWMAN, Appellant.

St. Louis Court of Appeals, December 12, 1899.

1. **Trespass on Case: VOLUNTARY UNDERTAKING: BINDING.** Appellant wishing to do some excavating on his lot wrote respondent, the owner of an adjoining lot upon which was a building, notifying him to provide lateral support for a portion of the wall of his building, saying that he would leave sufficient earth to protect the other part of the wall. But the amount of earth left proved insufficient along that part of the wall which respondent agreed to protect: Held, that respondent had a right to rely on the promises of appellant though voluntarily given.

2. ———: **PLEADING: NEGLIGENCE.** In an action based on the facts showing negligence, if sufficient facts can be gathered from the averments to make out a case, however imperfectly stated, evidence is properly admitted in proof of the averments of the petition.

3. ———: **INSTRUCTION: ERROR: NOT REVERSIBLE.** To warrant a reversal of a judgment on account of an erroneous instruction, the error must be prejudicial to appellant.

Delaney v. Bowman.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*W. M. Kinsey* and *George E. Smith* for appellant.

(1) Underlying every question arising in this case, is the fundamental legal proposition that it was primarily the duty of plaintiff to protect his own wall from falling, upon being notified that defendant was about to excavate the adjoining lot. Larson v. Railway, 110 Mo. 234; Charless v. Rankin, 22 Mo. 566; Eads v. Gains, 58 Mo. App. 586; Obert v. Dunn, 140 Mo. 476. (2) If defendant's letter can be construed into a promise out of which a contract arose, such contract is not one importing a consideration under any statute of this state or at common law. It was necessary, therefore, in order to recover on this alleged promise, to aver and prove the consideration supporting it, otherwise it is a mere *nudum pactum* and will not support an action. Bliss, Code Pldg. [3 Ed.], sec. 308; 4 Enc. Pleading and Practice, 928; County of Montgomery v. Auchley, 92 Mo. 126. (3) Ordinary care under the circumstances, was all the law required of defendant. To require the exercise of prudence or the care and prudence of an experienced excavator, placed the standard too high. Larson v. Railway, *supra*. (4) Actionable negligence can not be predicated upon a failure to perform a promise where no reliance upon the promise is alleged or shown. Negligence is an ultimate substantive fact which must be both alleged and proved. Bliss on Code Pldg. [3 Ed.], secs. 211, 310; Crane v. Railway, 87 Mo. 595. The court erred, therefore, in receiving any testimony in support of plaintiff's petition, upon the theory that it stated a cause of action in either count based upon negligence.

*T. K. Skinner* and *C. R. Skinner* for respondent.

(1)   Defendant's letter relieved plaintiff of the duty of supporting his wall beyond the point indicated in the letter. This is not upon the ground that the letter constituted a contract, though it was a promise, but upon the ground that' it constituted an assurance upon which plaintiff had a right to rely.   Walters v. Hamilton, 75 Mo. App. 238; Larson v. Railway, 110 Mo. 234.   (2)   The rules on this subject are well settled.   Thus it is held that a petition which impliedly states a cause of action, and is not attacked by demurrer or motion to make more definite, will be held good after verdict.   This doctrine rests on the presumption that plaintiff proved on the trial the facts imperfectly alleged, the existence of which was essential to his recovery.   As it affirmatively appears in this case that plaintiff did make this proof, the rule applies. with double force.   Mumford v. Keet, 65 Mo. App. 502; Bank v. Scalzo, 127 Mo. 188; Bank v. Leyser, 116 Mo. 73.   (3)   It is enough if the matter which ought to have been explicitly stated may be gathered from other allegations of the petition.   Peck v. Bridwell, 10 Mo. App. 524; State v. Carroll, 9 Mo. App. 275.   (4)   By pleading to the merits the defendant waived objection to the defect in this petition, if there was a defect.   Buck v. Railway, 46 Mo. App. 562; Bassett v. Tel. Co., 48 Mo. App. 566.

BIGGS, J.—In 1895 the plaintiff owned a brick building situated on a lot fronting on the north side of Franklin avenue in the city of St. Louis.   The front portion of the building, which is three stories high, extends north from the avenue sixty feet, to which is attached in the rear a one-story building forty feet in length, making the entire length of the structure one hundred feet.   The defendant owned the lot adjoining on the east.   In March, 1895, the defendant com-

menced the erection of a building on his lot. Before or just after the work was begun he addressed the following letter to plaintiff:

"Dear Sir:—We have heretofore notified you to protect the wall on the lot adjoining, where we are excavating for our new building, on the northwest corner of Franklin avenue and Eleventh street. It will be necessary for you to underpin or put foundation under about eight or ten feet of the one story extension of your building. We will leave an area adjoining your wall from that point to the alley, so that the balance of your building will be protected."

In pursuance of this letter the plaintiff had the wall of his building underpinned and otherwise secured for a distance of seventy feet back from the street and left the remaining thirty feet to be protected by defendant. In making the excavation for the cellar and foundation of the new building at a point seventy feet from the avenue the defendant made a jog to the east, leaving an alley four and one-half feet in width between the rear portions of the buildings. After the excavation for that portion of the cellar had been made, the earth gave away along the alley, causing the rear portion of the east wall to plaintiff's one-story building to fall into the excavation. The plaintiff had the wall reconstructed at a cost of $575. He sues in this action to recover compensation for the injury done to his building. The petition contained two counts. We have only to deal with the second, as the circuit court withdrew the first from the consideration of the jury.

The second count is as follows: "For another and further cause of action, plaintiff states that heretofore, to wit, in the month of May, 1895, he was the owner of a lot of ground in city block No. 265, of the city of St. Louis, Missouri, with a building thereon, known as Nos. 1107 and 1109 Franklin avenue; that at said time defendant made a wide and deep excavation in and upon another lot close to and adjoining

plaintiff's said lot and building thereon; that at and before the time of making such excavation defendant notified plaintiff that it would be necessary for him (plaintiff), to put a foundation under a certain portion of the wall of plaintiff's said building, indicated by defendant, and further notified and promised plaintiff that defendant would leave an area of earth adjoining the rest of said wall and building; that in pursuance of said notice plaintiff did put a foundation under the portion of said wall so indicated by defendant, but that in disregard of his said notification and promise defendant did not leave an area adjoining the rest of plaintiff's said wall sufficient to protect the same, but on the contrary left an area of earth upon his said lot so narrow and made his said excavation so deep and so close to the rest of plaintiff's said wall, that the said area caved in and carried with it, threw down and destroyed plaintiff's said building and wall, to the plaintiff's damage in the sum of one thousand dollars, for which sum and his costs plaintiff prays judgment."

The answer of defendant is a general denial.

Under the instructions of the court the jury returned a verdict for $575 in favor of plaintiff, upon which a judgment was rendered. The defendant has appealed.

The defendant objected to the introduction of any evidence in support of the second count, for the alleged reasons that if it was intended to declare on a contract and its breach, there was no averment of a consideration for or an acceptance of the promise made in defendant's letter. Or, if liability was intended to be predicated upon the negligence of defendant in failing to properly protect the wall, the averments were not sufficient for that purpose. Technically speaking, the action is not *ex contractu* but *ex delicto*. In making the proposed improvement the defendant voluntarily promised to protect the rear portion of the east wall of plaintiff's building. The plaintiff had the right to rely on this promise, although voluntarily made (Larson v. Railway, 110 Mo. loc. cit. 244).

The plaintiff's right of recovery rests upon the negligent performance of this undertaking. If sufficient facts can be gathered from the averments to make out such a case, however imperfectly stated, the objection to the admission of evidence was properly overruled. It is stated in the petition "that in pursuance of said notice (letter) plaintiff did put a foundation under the portion of said wall so indicated by defendant." From this the further averment ought to be implied, that the plaintiff did not protect the rear portion of his wall, but relied upon the promise of the defendant to do so. Hence the objection that the petition fails to aver that plaintiff relied on the promise of defendant to leave a sufficient area to protect his wall, is not well founded. Continuing the petition states: "that in disregard of his said notification and promise defendant did not leave an area adjoining the rest of plaintiff's said wall sufficient to protect the same, but on the contrary left an area of earth upon his said lot so narrow and made his excavation so deep and close to the rest of plaintiff's said wall that the said area caved in," etc. The promise of defendant implied that the area would be of sufficient width to permit plaintiff's wall from falling, or that the defendant would adopt such artificial means as to make it sufficient. In respect to these matters the petition fairly charges that the defendant was negligent. Our conclusion is that the circuit court was right in its ruling.

On its motion the court charged the jury as follows:

"Gentlemen of the Jury:—You will disregard the first count of this petition, for there is no evidence to sustain it. On the second count or claim of the petition, if from the evidence you believe that the plaintiff was the owner of a lot of ground on Franklin avenue, in the city of St. Louis, on which he had a building standing, and that defendant made an excavation on an adjoining lot, and in connection with such excavation defendant notified plaintiff that it would be necessary for the plaintiff to underpin or put a foundation under about

eight or ten feet of the one-story extension to plaintiff's building and agreed that defendant would leave an area adjoining the wall of plaintiff from the point thus to be underpinned and extending to the alley so the balance of plaintiff's building not thus required to be underpinned would be protected, then it was the duty of the defendant to leave an area, adjoining the wall in such condition or of such character as would be left under all the circumstances shown in this case, by a man of ordinary prudence and experience and care in such a line of business to protect plaintiff's building."

"If you believe the defendant under all the circumstances shown in this case, did not exercise that care and precaution in regard to the area, as would have been exercised by one of ordinary prudence and experience in such business under similar circumstances to protect plaintiff's property, and that by reason of such failure on the part of defendant the building and wall of plaintiff was thrown down and destroyed, then your verdict should be for the plaintiff."

"If, on the other hand, you believe from the evidence that the defendant did all in regard to the area that a man of ordinary prudence and experience in such business would have done under the same circumstances, to protect the plaintiff's building, then your verdict should be for the defendant."

"If your verdict is for plaintiff, you will assess his damages at such a sum as you believe is the fair and reasonable amount of the damages done to plaintiff's property by the fall of the wall and building, as shown by the evidence in this case."

"If your verdict is for the defendant, you will simply so state in your verdict."

There was sufficient evidence to authorize the foregoing instruction. The instruction itself is open to some criticism, in that it fails to require the jury to find that the plaintiff relied on defendant's promise to protect the rear portion of his wall. The omission we think did the defendant no harm.

All of the evidence tended to prove that the plaintiff did rely on the promise; that he underpinned the front portion of the wall, and that the defendant undertook to care for the rear part. If the jury had been required to find this fact, there can be no question what the finding would have been. Hence the defendant could not have been prejudiced. The statute provides, that a judgment shall not be reversed, unless the appellate court shall believe that error has been committed which materially affects the merits of the action. (Sec. 2303 R. S. 1889.) Under this statute an erroneous instruction must be prejudicial in order to warrant a reversal. Otto v. Bent, 48 Mo. 23; Pasley v. Kemp, 22 Mo. 409; Fitzgerald v. Baker, 96 Mo. 661.

The care imposed on the defendant by the instruction was not greater than that imposed by the law. It only required that in making the improvement the defendant should have used that degree of care that an ordinary prudent man engaged in such a business would have used under like circumstances.

The instruction does not ignore the defendant's testimony as to the condition of the foundation of plaintiff's wall, or the character of the ground upon which the wall was built. The jury were required in determining the issues, to take into consideration "all the circumstances shown in the case."

Other objections are urged against the instruction, which we need not notice. We have pointed out what we conceive to be the only error in the charge, and as that could not have been prejudicial to the defendant, the assignment of error will be overruled.

It is suggested that, as the plaintiff knew the width of the alley, and as he was as capable of judging of its sufficiency to protect his wall as the defendant, he could not complain that the means adopted by defendant for his protection were ineffectual. It is true that the agent of the plaintiff had knowledge of the width of the wall but it was not established that he

St. L. Trust Co. v. Am. Real Est. & Inv. Co.

knew the character of the soil as disclosed by the excavation, nor was he advised of the means adopted by defendant to prevent the accident. Under the promise of defendant he had the right to assume that defendant would adopt all reasonable means to prevent the sides of the excavation from caving.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.