THE STATE, Plaintiff in Error, v. BATSON, Defendant in Error.

1. In an indictment, under the statute which says that "every person who shall wilfully and maliciously break, destroy or injure," &c., the property of another (R. C. 1855, p. 584, § 60,) the offence is well described as a breaking alone, or as destroying, or as injuring, as either act is to commit an offence, and one or all these things may be charged, according to the circumstances of the case.
2. Under that statute no negative averment is necessary.

*Error to Greene Circuit Court.*

*Knott*, (attorney general,) for the State.

I. The indictment is sufficient under the statute. (R. C. 1855, p. 384, § 60.) It avers that the defendant wilfully and maliciously broke and injured the door of a dwelling house, specifying to whom the same belonged, and the time and place the offence was committed, which is all the description of the offence necessary under the law.

EWING, Judge, delivered the opinion of the court.

The defendant was indicted and convicted for malicious injury to property under section 60, art. 3d, act concerning crimes and their punishments, and his fine assessed at five dollars. A motion in arrest of judgment being sustained, the State brings the case here by writ of error.

The indictment contains three counts, the first of which charges that the defendant, on, &c., at, &c., with force and arms did then and there unlawfully, wilfully and maliciously

break and injure the door of a dwelling house, the same being then and there the property of one Samuel W. Helton, contrary, &c. The second charges an unlawful, wilful and malicious breaking with force and arms of the windows of a certain dwelling house, the same being then and there the property of one Samuel W. Helton, contrary, &c. The third count is that the defendant, on, &c., at, &c., with force and arms, did then and there unlawfully, wilfully and maliciously destroy a certain fence and enclosure, the same being then and there the property of one Samuel W. Helton, concluding as above.

The statute on which this indictment is framed declares that every person who shall wilfully and maliciously break, destroy, or injure the door or window of any dwelling house, shop, store, or other house or building, or sever therefrom, or from any gate, fence or enclosure, or any part thereof, or any material of which it is formed; or sever from the freehold any produce thereof or anything attached thereto; or pull down, injure or destroy any gate, post, railing or fence, or any part thereof, &c., shall, upon conviction, be adjudged guilty of a misdemeanor.

We cannot see wherein this indictment is defective. It follows the language of the statute, and states every fact and circumstance descriptive of the offence as therein defined. The terms "break, injure or destroy" being used disjunctively in the statute, the offence is well described by charging it to have been committed as in the second count by a breaking alone, or as in the first by both a breaking and injuring. It is an offence to wilfully and maliciously break, destroy or injure; to do *either* act is to commit an offence, and one or all these things may be charged in an indictment according to the circumstances of the case. For like reasons the third count is good under the third clause of the section above quoted.

No negative averment was necessary, there being no exceptions in the section under which the indictment was framed that should have been negatived; and if there were exceptions elsewhere, in other provisions of the statute, the pleader

was not required to notice them. The qualification in the last clause of the section evidently has no reference to the injuries charged in this indictment, but only relates to trespass in cutting and removing timber or trees from anothers land.

Judgment reversed and the cause remanded. The other Judges concur. .