——O——

WILLIAM R. SMITH, *et al.*, Respondents, *vs.* THE UNION Railway Company, *et al.*, Appellants.

1. *Negligence—Hose engine, upsetting of on car track—Negligence of driver, question of, when should be left to jury.*—A hose carriage, in response to a fire alarm, was being driven rapidly along a street, in the night time, and in attempting to cross obliquely the rails of a street car track, which protruded three or four inches above the adjoining street, the driver was thrown out and killed. There was evidence tending to show that he was familiar with the street, and the condition of the track. The Supreme Court said that if such were the fact, and the deceased drove recklessly over the track and the killing resulted therefrom, the company would not be liable; but held, that the proof did not present a clear case, so as to amount to negligence in law; and that the question of negligence should have been submitted to the jury under appropriate instructions.

2. *Contributory negligence—Jury.*—Usually the question of contributory negligence is one of fact, and left to the jury under suitable instructions.

3. *Contributory negligence will preclude recovery, when.*—Contributory negligence on the part of plaintiff, in order to preclude him from recovering, must be such as that he could by ordinary care have avoided the consequences of defendant's negligence.

*Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day,* for the Company, and *Leverett Bell,* for the City.

When one enters the service of the city as a fireman, he he does so with full knowledge that in the discharge of his duties he will be compelled to move rapidly over the streets, and assume risks flowing therefrom.

The deceased had full knowledge of the condition of the streets, or ample opportunity to acquire that knowledge. Such knowledge raised a presumption of negligence on the part of the deceased, and required proof to negative this presumption, and in the absence of such proof it became the duty of the court to instruct the jury, that plaintiffs could not recover. (Achtenhagen vs. Watertown, 18 Wis., 331; Fox vs. Glastenbury, 29 Conn., 204; Wilson vs. Charleston, 8 Allen, 137; Cornelius vs. Appleton, 22 Wis., 635.)

The upsetting of the carriage was shown to be the immediate, natural and proximate result of careless and reckless driving.

The plaintiffs were bound to show that deceased and his driver had used reasonable care in attempting to get upon the railroad track with the hose carriage, and having failed to do so, they could not recover. (See generally, Horton vs. Ipswich, 12 Cush., 488; Thompson vs. Bridgwater, 7 Pick., 190; Butterfield vs. Forrester, 11 East, 61; Griffin vs. Mayor of N. Y., 5 Seld., 460; Burr vs. H. R. R. Co., 19 Conn., 566; Park vs. O'Brien, 23 Id., 339; Neal vs. Gillett, 23 Id., 437; Dalay vs. W. & W. R. R. Co., 26 Conn., 591; Spencer vs. Utica & S. R. R. Co., 5 Barb., 337.)

*R. S. MacDonald, with M. Kinealy*, for Respondent.

I. The evidence does not establish contributory negligence; and that question, in this case, should have been submitted to the jury.

NAPTON, Judge, delivered the opinion of the court.

This action was brought to recover damages for the death of plaintiff's father, caused by the overturning of a hose carriage on 13th street, in the city of St. Louis, where the railroad company had a part of its track.

It appeared that the rails of the company between Sauls-bury street, on which there was a fire engine and hose station, and the street south of it, had become by reason of the travel of wagons on the side of the track, or from some other cause, some three or four inches higher than the street. There was a turntable and a switch track on 13th street near the junction with Saulsbury street, and there was a hole in the west side of the track, and another further south on the east side.

On the night of 12th December, 1871, about 9 o'clock an alarm of fire was communicated to the engine house at the corner of 12th and Saulsbury streets. The hose carriage was immediately started, and the driver with the plaintiff's father, Smith, both members of the fire brigade, started up Saulsbury to 13th street, and down 13th to the southern part of the city, where the fire was announced.

In driving down 13th street, they attempted to cross the railroad track at a rapid pace. The fore wheels of the hose carriage passed over the rails, but the hind wheels striking the rails obliquely, and sliding along for some distance, finally turned the carriage over, and the plaintiff's father was killed.

There was evidence to show that the deceased and the driver were quite familiar with the condition of the street and the condition of the track.

Upon the testimony of the plaintiff the court instructed the jury that no recovery could be had. Upon appeal to the general term, the judgment was reversed, and the cause remanded for trial; and the case comes here on appeal from the decision of the general term.

The decision of the circuit court which tried the case seems to be based on the conclusion from the evidence, that there was an absence of ordinary care on the part of the plaintiff's father, and therefore, that the negligence of defendant furnished no ground of action.

The rule of law in this question seems to be carefully stated by Ld. Abinger, in Bridges vs. The Grand R. Co., 3 M. & W., 244. "The negligence of the plaintiff, in order to preclude him from recovering, must be such as that he could by ordinary

care have avoided the consequences of defendant's negligence." And Park B. says, " the rule of law is laid down with perfect correctness in the case of Butterfield vs. Forrester, and that rule is, that although there may have been negligence on the part of plaintiff, yet unless he might by the exercise of ordinary care have avoided the consequences of the defendant's negligence, he is entitled to recover; if by ordinary care he might have avoided them, then he is the author of his own wrongs."

There are cases in which the question of reasonable care on the part of the plaintiff has been decided by the court, and a non-suit directed. Such was the often cited case of Butterfield vs. Forrester, (11 East, 60), where the plaintiff rode his horse against a pole, put up in a street to prevent passage, there being other streets equally convenient in the town. Lord Ellenborough said, " a party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. One person's being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

So in Wisconsin, where a person attempted to cross a bridge where a plank a foot high had been fastened across it, to indicate that the bridge was impassable, a non-suit was directed in an action for the damage resulting from the death of the person who attempted to cross. (Cornelius vs. The City of Appleton, 22 Wis., 635.)

And in Fox vs. The Town of Glastonbury, (29 Conn., 205,) a new trial was awarded, because the deceased was guilty of want of ordinary prudence in attempting to pass over a causeway which was overflowed with water.

Usually, the question of contributory negligence is one of fact and left to a jury under suitable instructions. (Beers vs. Housatonic R. R. Co., 19 Conn., 570.)

Whether the deceased in this case used ordinary or reasonable care, was a question of fact for a jury. It is not a clear case of negligence in law, which the court could decide. If the driver was familiar with the street, and the condition of the track above it, and drove recklessly over it, he must abide the consequences of his own folly. There was certainly evidence in that direction, but it was a question of fact for the jury. (Hanenkamp vs. The Citizen's R. R. Co., 37 Mo., 545.)

We must therefore affirm the decision of the general term. The other judges concur. Judge Vories absent.