LANGAN, *Plaintiff in Error*, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

1. **Negligence**: CONTRIBUTORY NEGLIGENCE: A CASE FOR THE JURY. Plaintiff went to defendant's railway station for the purpose of helping to carry a trunk for a friend, who was about to take passage on one of defendant's trains. Having bought a ticket, plaintiff and his friend took the trunk to a platform pointed out by the ticket agent. There was at that time no train in sight, but one was due and expected to arrive at any moment. The view of the track was unobstructed as far as a bridge about 400 yards distant in the direction from which the train was to come. Plaintiff and his friend, carrying the trunk between them, were walking in the other direction, along the platform when plaintiff was suddenly struck from behind and severely injured by the bumper of the engine drawing the expected train. The bumper projected eighteen inches over the platform, which was from five to eight feet wide. There were a number of other persons on the platform. The testimony was conflicting as to whether a bell was rung or whistle sounded after the train passed through the bridge; but it tended to show that the grade from the bridge to the platform was an up-grade; that the engine was being run at an unusual rate of speed; that the engineer, after crossing the bridge, saw the persons on the platform; that he saw plaintiff before he was struck, sounded the alarm whistle and reversed the engine, but the brakes were not put down; that after being struck, plaintiff was carried about eight feet, when the engine stopped. *Held*, that on this testimony the trial court was warranted in submitting to the jury the question whether plaintiff was injured by his own fault or that of defendant.

2. ————. Negligence is not imputable to a person for failing to look out for danger when under the surrounding circumstances he had no reason to suspect any.

*Error to St. Louis Court of Appeals.*

REVERSED.

*Hess & Prescott* and *Martin & Lackland* for plaintiff in error.

Taking into consideration the fact that the train was not in sight when plaintiff reached the platform, and that the engineer ran the train into the station at the rate of

twelve or fifteen miles an hour, and at an unusual rate of speed, so fast that many of the witnesses, who had often seen it come in before, thought that it was not going to stop at the station, where a large crowd had gathered, and that another train was approaching plaintiff from the opposite direction, ringing its bell and likely to attract the attention of persons at the station, and that train being not even seen by the engineer and fireman on the locomotive, as they testify, and that plaintiff was on the platform, where he ought, and was compelled to be, and was seen by the engineer in time to have avoided the injury by giving the proper signals, if he had been running at an ordinary rate of speed, and without his ringing any bell or sounding any whistle, must certainly take the case out of the rule of contributory negligence. *Maher v. A. & P. R. R. Co.*, 64 Mo. 276; *Meyer v. Midland, etc., R. R. Co.*, 2 Neb. 335; *Lafayette, etc., R. R. Co. v. Adams*, 26 Ind. 76; *Moody v. Pacific R. R. Co.*, 68 Mo. 473; *Card v. Railroad*, 50 Barb. 39; *Detroit, etc., R. R. Co. v. Van Steinburg*, 17 Mich. 104; *P. & T. R. R. Co. v. Hagan*, 47 Pa. St. 244; *Railroad Co. v. Houston,* 95 U. S. 697; *Kennayde v. Pac. R. R. Co.*, 45 Mo. 261; *Liddy v. St. Louis R. R. Co.*, 40 Mo. 506; *Smith v. Union Ry. Co.*, 61 Mo. 588; *Burham v. St. L. & I. M. R. R. Co.*, 56 Mo. 338; *Railroad Co. v. Whitton*, 13 Wall. 270; *Beers v. Housatonuc R. R. Co.*, 19 Conn. 566; *Park v. O'Brien*, 23 Conn. 342; *Ernst v. Hudson River R. R. Co.*, 35 N. Y. 9; *Renwick v. N. Y. C. R. R. Co.*, 36 N. Y. 132; *Beisiegel v. N. Y. C. R. R. Co.*, 34 N. Y. 622; *Brown v. N. Y. C. R. R. Co.*, 32 N. Y. 600.

*Thoroughman & Pike* for defendant in error.

Plaintiff was not entitled to recover on his own testimony and that of his witnesses. His evidence, and that of his witnesses, shows beyond question that he knew that the train by which he was injured was due, and that he was looking for it to come in every minute, that there was

no difficulty in his seeing the train as it approached if he had looked, or in hearing it if he had listened; that the track was straight, level and unobstructed for nearly a mile southward; that it was broad daylight, and that plaintiff's eyesight and hearing were good, and that at the time he was struck he was standing with his back to the approaching train, and so near to the track that he was struck by the buffer of the engine. Such evidence of negligence, in the nature of an admission on the part of the plaintiff, contributing directly to the result, would have justified the court in instructing the jury to find for the defendant. *Maher v. A. & P. R. R. Co.*, 64 Mo. 267; *Galena, etc., R. R. Co. v. Loomis*, 13 Ill. 548; *Chicago, etc., R. R. Co. v. Patchin*, 16 Ill. 198; *Galena, etc., R. R. Co. v. Dill*, 22 Ill. 264; *Butterfield v. Railroad Co.*, 10 Allen 532; Wharton on Negligence, 382, 383; *Bellefontaine R. R. Co. v. Hunter*, 33 Ind. 356; *Harlan v. St. L., K. C. & N. Ry. Co.*, 64 Mo. 480; *Railroad Co. v. Houston*, 95 U. S. 697; 1 Thompson on Negligence, 429 (2); *Grows v. Maine R. R. Co.*, 67 Me. 100; *McMahon v. Northern, etc., R. R. Co.*, 39 Md. 438; *Lewis v. Baltimore, etc., R. R. Co.*, 38 Md. 588; s. c., 17 Am. Rep. 521; *Wilds v. Hudson River R. R. Co.*, 29 N. Y. 315.

NORTON, J.—This suit was instituted in the circuit court of St. Louis county for the recovery of damages, occasioned by injuries inflicted on plaintiff by the alleged negligence and carelessness of defendant, in conducting, operating and managing its locomotive engine and train of cars, and negligence in not ringing its bell or sounding its whistle as they approached the station at which plaintiff was struck and injured. The answer of defendant denies the allegations of the petition, avers that plaintiff's injury was occasioned by his own negligence, and also pleads a release in writing of all claims for damages sustained by plaintiff. The replication denies contributory negligence, and avers that the release set up in the answer was obtained by fraud. On the trial plaintiff obtained judgment for

$5,000, from which defendant appealed to the St. Louis court of appeals, where the judgment was reversed, and from which plaintiff prosecutes his appeal here.

The chief ground of error relied upon by counsel, arises from the action of the court in refusing certain instructions asked by defendant, and in giving others on the part of plaintiff, which submitted to the jury the question as to whether the injury sued for was occasioned by plaintiff's own negligence, or that of defendant in operating its train. It is insisted that neither of these questions should have been submitted to the jury; first, because there was no evidence showing negligence on the part of defendant, and because the evidence showed that plaintiff's injury was the result of his own carelessness. It, therefore, becomes necessary to consider the evidence, in order to a proper determination of the questions thus presented.

The evidence shows that plaintiff was on a platform at Docks Station, in the city of Carondelet, where he had gone to assist a friend, who intended taking passage on one of defendant's trains bound north, in carrying his trunk; that his friend purchased his ticket at said station, and they were directed by the ticket agent to take the trunk to the middle platform, from which passengers were to enter the train bound north; that at this station there were two railroad tracks running north and south; there were also two platforms provided, from which passengers were to enter trains, one of them being on the east side of one of the tracks, and one being between the two tracks, the latter being known as the middle platform; that passengers for trains running on the east track entered the train from the platform east of the track, and passengers for trains running on the west track, entered said train from the platform between the two tracks, or the middle platform; that at the south end of the middle platform defendant's road crossed Marceau street in said city; that south of this street, about four hundred yards distant, there was a railroad bridge across the river Des Peres, and from

this bridge to the station the road was up-grade. The evidence also tended to show that a person on the platform where plaintiff was struck could see the approach of a train from the south till it passed through this bridge, and that after its passage through it, the view was unobstructed from the bridge to the platform, and *vice versa;* that a number of persons were on the platform between the two tracks, which was from five to eight feet wide; that plaintiff entered upon it from Marceau street, no train being then visible, (although it was then due and expected any moment,) and while walking up the platform with his back to the south carrying one end of the trunk and his friend the other, the train approached the platform from the south and struck plaintiff with the bumper of the engine which extended from its side eighteen inches over the platform, knocking him down under the train, occasioning such an injury as made it necessary to amputate one of his legs. As to whether a bell was rung or whistle sounded after the train passed through the bridge, the evidence is conflicting, plaintiff's witnesses testifying that neither was done, and defendant's witnesses testifying that both were done. The evidence tended to show that the grade from the bridge to the platform was an up-grade; that the engine was being run at an unusual rate of speed; that the engineer, after crossing the bridge, saw the persons on the platform; that he saw plaintiff before he was struck, sounded the alarm whistle and reversed the engine, but the brakes were not put down; that the person whose duty it was to apply the brake, instead of doing so when the alarm was sounded, went to the opposite side of the cab, and looked out to see what was the matter, when plaintiff was struck; that after being struck plaintiff was carried about eight feet when the engine stopped.

We are of the opinion that the above facts, which the evidence tended to establish, fully warranted the trial court to submit to the jury the question as to whether plaintiff was injured by his own fault or that of defendant.

The question of contributory negligence is usually one of fact to be left to the jury under appropriate instructions. *Smith v. U. R. R. Co.*, 61 Mo. 588.

We have been cited to the case of *Maher v. A. & P. R. R. Co.*, 64 Mo. 267, as sustaining defendant's objections; but we fail to perceive that it is analogous in principle to the present case. In that case, Maher, who was killed at night by being run over by a train, was on the track of the road where he had no right to be, in a state of intoxication, and at a place other than a station or public crossing, and where defendant owed him no duty, either to ring the bell, sound the whistle or slacken the speed of its train; and there was no evidence tending to show that those in charge of the train saw Maher before he was struck, or that a resort to any of these means, after the discovery of his danger, would or might have been effectual in preventing the injury. In the present case plaintiff was not a trespasser on the track, but was on the platform provided and designated by the company for the occupancy of passengers who desired to enter its trains, and also for those carrying the baggage of such passengers, and had a right to presume that, so long as he occupied any part of the platform, he would be in no danger of being struck and run over by an approaching train, there being no evidence that he was aware of the fact that the bumper of the engine extended from the side thereof eighteen inches over the track, but, on the contrary, his positive statement that he was not aware of such fact.

As for the case of Maher, a person who is wrongfully on the track of a railroad, knowing that a train passing over the track would necessarily pass over him, unless he got out of the way, who fails to look and listen for a train, in case of injury, nothing more appearing, such person would, as a matter of law, be declared to be guilty of such contributory negligence as to prevent a recovery; but in the case of a passenger awaiting a train on the platform provided by the company for his occupancy, the same rule

does not obtain, for, being in a place where he is invited to be by the company, he has a right to suppose that he will be safe from collision with a train running on the track so long as he occupies a place on the platform, and the mere fact that plaintiff, while on the platform, did not look behind him for an approaching train, cannot be held evidence of contributory negligence, any more than the failure of a person, struck from behind by a vehicle passing along the street of a city and knocked into the street and run over by the vehicle, while such person was walking on the sidewalk adjacent to such street, to look behind him for an approaching vehicle, would, as a matter of law, render him chargeable with such contributory negligence as would prevent a recovery for injuries thus received.

Negligence is not imputable to a person for failing to look out for a danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended.

We think there was sufficient evidence of the negligence of defendant to justify the trial court in submitting the question to the jury. It tended to show that there was a public street crossing at the south end of the platform which defendant's train was approaching, about 500 yards from the bridge across the river Des Peres; that the view from the bridge to the platform was unobstructed; that the engineer saw a number of persons on the platform; that neither the bell was rung nor whistle sounded till a short time before defendant was struck, when an alarm was given, after the giving of which the person charged with the duty of applying the brake failed to perform that duty, and that the train was running at an unusual rate of speed. When there is any evidence tending to establish a point in dispute, the matter is properly referable to a jury.

There is nothing in the objection made that the first instruction given for plaintiff allowed a recovery for other negligence than that averred in the petition. The petition

averred that the defendant so negligently and. carelessly conducted its locomotive, engine and cars in approaching the station, that, without fault or carelessness on his part, the locomotive ran upon him, injuring him so that he was obliged to have one of his legs amputated. The instruction told the jury, that if the injury was thus occasioned, using the language of the petition averring negligence, they should find for plaintiff, thus submitting to them the cause of action stated in the petition, and none other. The instructions asked by defendant and refused, were. but repetitions of those already given, and as those that were given submitted the question of negligence in the most favorable. light for defendant, the judgment of the St. Louis court of appeals will be reversed, and the judgment of the circuit court affirmed, with the concurrence of all the judges.