SCOVILLE v. THE HANNIBAL & ST. JOSEPH RAILROAD COM-
PANY, *Appellant*

1.  **Contributory Negligence, when a Question for the Jury.**
    When the facts in evidence as to contributory negligence admit of different constructions or inferences, the question of such contributory negligence is one for the jury.

2.  **Negligence, where Deceased is Guilty of Contributory Negligence.**    Where, in an action against a railroad for negligently causing the death of a person, it appears that the deceased was guilty of contributory negligence, the negligence of the defendant, to make the latter liable, must occur after it either knew, or might, by the exercise of ordinary care, have known of the danger of the deceased.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

The evidence offered on behalf of the plaintiff, being undisputed that the approach of the engine and car could have been known by the deceased in time to have enabled him to step aside and avert the injury, the demurrer to the evidence should have been sustained. *Zimmerman v. Railroad Co.*, 71 Mo. 476; *Henze v. Railroad Co.*, 71 Mo. 636; *Railroad Co. v. Elliott*, 28 Ohio St. 340; 14 Am. R'y Rep. 123; *Allyn v. Railroad Co.*, 105 Mass. 77; *Railroad Co. v. Hart*, 87 Ill. 529; 19 Am. R'y Rep. 249; *Harlan v. Railway Co.*, 65 Mo. 22; 64 Mo. 480; *Railroad Co. v. Huston*, 95 U. S. 697; *Stillson v. Railroad Co.*, 67 Mo. 676; *Fletcher v. Railroad Co.*, 64 Mo. 484; Field on Damages, p. 164, § 173; *Blaker v. Railroad Co.*, 18 Am. L. R. (N. S.) 562; *Salter v. Railroad Co.*, 75 N. Y. 273; Week's Dam. Absq. Inj., p. 244, § 121; 1 Addison on Torts, (Wood's Ed.) p. 580, note 1; Pierce's Am. R. R. Law, 273; *Langan v. Railroad Co.*, 5 Mo. App. 311; Shearman & Redfield on Neg., §§ 488, 488 a; *Railroad Co. v. Buckner*, 28 Ill. 299; *O'Donnell v. Railway Co.*, 8 Cent. L. J. 414; *Purl v. Railroad Co.*, 72 Mo. 168; *Powell v. Railroad Co.*, 76 Mo. 80; *Lenix v. Railroad Co.*, 76 Mo. 86; *Turner v. Railroad Co.*, 74 Mo. 602. The second and fifth instructions given on behalf of the plaintiff, are clearly wrong and lack the modification required by the following cases, that the negligence to create liability on the part of defendant, must occur after becoming aware of the danger of the deceased. *Karle v. Railroad Co.*, 55 Mo. 476; *Isabell v. Railroad Co.*, 60 Mo. 475; *Maher v. Railroad Co.*, 64 Mo. 267; *Harlan v. Railroad Co.*, 64 Mo. 480; *s. c.*, 65 Mo. 22; *Nelson v. Railroad Co.*, 68 Mo. 593; *Cagney v. Railroad Co.*, 69 Mo. 416; *Swigert v. Rail-*

*road Co.*, 75 Mo. 475; *Strauss v. Railroad Co.*, 75 Mo. 185; *Yarnell v. Railroad Co.*, 75 Mo. 576. For the reasons assigned in these cases the defendant's third instruction should have been given, because it was not negligence not to see him there. *Hallihan v. Railroad Co.*, 71 Mo. 113. The third and eighth instructions given on behalf of the plaintiff both predicate the plaintiff's right to recover, on the failure to ring the bell or sound the whistle, and this without requiring the jury to pass on the question of whether the deceased was on the crossing or not. This was error. *Zimmerman v. Railroad Co.*, 71 Mo. 476; *Bell v. Railroad Co.*, 71 Mo. 58. And ignores the fact alleged in plaintiff's petition, that deceased had voluntarily taken upon himself the duties of a servant, which relieved the defendant of the duty of sounding the whistle or ringing the bell. *Rohback v. Railroad Co.*, 43 Mo. 187. Not only were these instructions bad, but there was further error in refusing the fifth asked by defendant. The defendant's sixth instruction should have been given. It gave the jury some practical rule for determining whether the deceased directly contributed to his injury or not. *Schaabs v. Woodburn Wheel Co.*, 56 Mo. 173; *Powell v. Railroad Co.*, 76 Mo. 80; 1 Addison on Torts, (Wood's Ed.) p. 609, § 567; *Tuff v. Warman*, 5 C. B. (N. S.) 573. The ninth instruction asked by the defendant should have been given. Saunders on Neg., 143; *Degg v. Railroad Co.*, 1 Hurlst & Nor. 773; 40 Eng. L. and E. Rep. 376; *Osborne v. Railroad Co.*, 68 Me. 49; 28 Am. Reps. 16; 19 Am. R'y Rep. 7; *Potter v. Faulkner*, 1 Best & Smith 800; Woods M. and S., p. 907, § 455; Schouler's Dom. Relations, 644. So rigid is this rule, that the employer has been held liable for the negligence of such volunteer servant. *Althorf v. Wolfe*, 22 N. Y. 355. And that such volunteer was a minor works no change in the rule. *King v. Railroad Co.*, 9 Cush. 112; *Flower v. Railroad Co.*, 69 Pa. St. 210; *Sherman v. Railroad Co.*, 72 Mo. 62.

*James W. Boyd* for respondent.

The demurrer to the evidence was properly overruled. Deceased was killed by the carelessness and negligence of defendant's servants. They exercised no care or caution. The engineer, who knew where he had started to, having no need of further signals, was at the time looking backwards, and excused this on the ground of looking for further signals. See *Kennayde v. Railroad Co.*, 45 Mo. 255; 43 Mo. 255; 50 Mo. 461; 52 Mo. 434; 60 Mo. 323, 475. When facts showing negligence admit of different constructions or inferences, the jury is the proper tribunal to pass thereon. 56 Mo. 351; 61 Mo. 588, and 37 Mo. 537. The instructions given for plaintiff were proper. *Brown v. Railroad Co.*, 50 Mo. 461; *Walsh v. Miss. Transfer Co.*, 52 Mo. 434; *Whalen v. Railroad Co.*, 60 Mo. 323; *Isabel v. Railroad Co.*, 60 Mo. 475; *Hicks v. Railroad Co.*, 64 Mo. 430. As to plaintiff's third instruction, see *Karle v. Railroad Co.*, 55 Mo. 476. Taken together, the instructions given present the law in the case very favorably and fairly to the defendant, and leave it no ground for complaint. The instructions asked by defendant and refused, were properly refused.

NORTON, J.—This suit was instituted in the circuit court of Clinton county by plaintiff to recover $5,000 damages for the death of her minor son, alleged to have been killed by the negligence of defendant, in the management of one of its trains. The cause was transferred, by change of venue, to the Livingston county circuit court, where, upon a trial, plaintiff obtained judgment, from which defendant has appealed to this court. Omitting the portions of the petition not deemed to be material in the investigation of the questions involved in this appeal, it sets forth as the specific grounds for recovery the following:

That a short time thereafter, and at the time said Horace Scoville was killed, as aforesaid, he, said Horace

Scoville, deceased, was at and near defendant's depot in said town of Easton, and was at, near and passing over a place where defendant's said railroad crosses a traveled public road and street in said town of Easton, and that defendant's said officers, agents, servants and employes at said time ran the defendant's said locomotive, engine and train of cars against, on and over the body of said Horace Scoville, deceased, and up to, on and over said public crossing in the night time, without ringing the bell on said engine at a distance of eighty rods from said public crossing, or at any distance whatever from said crossing, and without sounding the whistle on said engine at a distance of eighty rods from said public crossing, or at any distance whatever from said crossing, and without having any light or lantern on the front part of said train of cars, and without having and exercising any care or regard for the safety of any persons who might be at or near said crossing, or at or near defendant's said depot, and in such a way and manner as was. in other and different respects from these above stated, careless, reckless, negligent and unskillful on the part of defendant's said officers, agents, servants and employes.

The answer, besides containing a specific denial of the allegations of the petition, averred that said Horace Scoville, at the time of his death, was unlawfully upon defendant's railroad track at a point where the same does not pass along or on a public road or street, and was unlawfully attempting to get upon defendant's car while the same was in motion, and that his death was caused by his own recklessness, negligence and unskillfulness, and not through, or by any default, negligence or unskillfulness of any of defendant's officers, agents, servants or employes.

After plaintiff's evidence was all put in, defendant asked the court to instruct the jury that under the evidence plaintiff could not recover. This instruction was refused and this action of the court is assigned for error.

The evidence tended to show that said Scoville, who was about eighteen years of age, was run over and killed

about 8 o'clock at night, while he was on defendant's track, east of a street crossing at Easton, in Buchanan county, a station on defendant's road, while defendant was engaged in switching cars; that at the time he was run over, the engine in which the head light was burning was pushing in front of it a flat coal car upon which two youths were standing, towards the street crossing and that the bell was not rung nor whistle sounded, and that on the front end of the coal car there was neither light nor watchman. The evidence also tended to show that the noise made by the running of the engine and car could have been heard a hundred feet, and that an engineer could see on ahead of him with a good head-light from 150 to 200 feet, and that a train of cars going at the rate of six miles an hour, could be stopped from twenty to thirty-five feet. There was, also, evidence of several witnesses to the effect, that the head-light would have a tendency to dazzle the eyesight of a person on the track, and prevent him from seeing a flat car in front of the engine.

It was, also, in evidence that a person in the night, in front of an engine, cannot tell from the headlight whether it is going backward or forward, or standing still. Under this state of the evidence, the question, as to whether Scoville was guilty of such contributory negligence as would prevent a recovery, was for the jury under proper instructions, and the demurrer to the evidence was properly overruled, it having been held in the following cases that when the facts in proof admit of different constructions or inferences, that the question of contributory negligence is for the jury. *Norton v. Ittner*, 56 Mo. 351; *Smith v. Union R'y Co.*, 61 Mo. 588.

The defendant also assigns for error the action of the court in giving the following instructions:

Even if the jury should believe, from the evidence, that Horace Scoville, was when killed, unlawfully or wrongfully on defendant's track, the fact that he was wrongfully or unlawfully on its track, does not, in law, relieve defendant's

employes or servants of their obligation to exercise due and reasonable care and caution in the management and running of defendant's cars, nor does it give them any right to run said cars over him; and notwithstanding the jury may believe from the evidence that Horace Scoville was unlawfully or, wrongfully on defendant's track when killed, still, if the jury believe from the evidence, that defendant's employes might, by the exercise of reasonable care and caution, have avoided killing him, the defendant is responsible, and the jury will find for plaintiff.

The court instructs the jury that should they even believe from the evidence that Horace Scoville, deceased, was guilty of negligence or carelessness which contributed to his death; yet if they further believe from the evidence, that the agents or employes of defendant in charge of defendant's engine or train of cars with which the injury was done, might, by the exercise of reasonable, ordinary care and caution have avoided killing deceased, then they will find for the plaintiff.

It is insisted that these instructions are erroneous in this, that they omit to tell the jury that the negligence to make defendant liable must have occurred after its servants either knew, or might, by the exercise of ordinary care, have known of the danger to the deceased. This point we think is well taken, it having been held in the case of *Isabel v. H. & St. J. R. R. Co.*, 60 Mo. 482, that "in order to make a defendant liable for an injury when the plaintiff has also been negligent, or in fault, it should appear that the proximate cause of the injury was the omission of defendant, after becoming aware of the danger to which the plaintiff was exposed, to use a proper degree of care to avoid injuring him." So in the case of *Harlan v. St. L., K. C. & N. R. R. Co.*, 65 Mo. 22, it is held that, "when it is said in cases where plaintiff has been guilty of contributory negligence, that the company is liable, if by the exercise of ordinary care it could have prevented the accident, it is to be understood that it will be so liable if, by the ex-

crcise of reasonable care, after a discovery by defendant of the danger in which the injured party stood, the accident could have been prevented, or, if the company failed to discover the danger through the recklessness or carelessness of its employes when the exercise of ordinary care would have discovered the danger and averted the calamity." The doctrine announced in these cases has been reiterated in 64 Mo. 267, 480; 68 Mo. 593, and 69 Mo. 416.

For the error pointed out in the above instructions, the judgment will be reversed and cause remanded. It may be proper to remark that the third instruction asked and refused by the court when modified according to the rule laid down in the case of *Harlan v. St. L., K. C. & N. R. R. Co., supra,* should be given.

All concur, except Judge Sherwood, absent.