STATE OF MISSOURI, Respondent, v. HARLEY WEST, Appellant.

[Kansas City Court of Appeals, March 22, 1886.

1. CRIMINAL LAW—INDICTMENT—SUFFICIENCY OF AVERMENTS—INFORMALITIES.—Where an indictment follows substantially the language of the statute, in its averments, that is sufficient in describing such statutory offences. Informality as to dates in an indictment, after verdict are cured by the statute of jeofails.

2. —— EVIDENCE—OBJECTIONS TO ON APPEAL.—Objections to evidence for the first time on appeal—admitted at the trial in the lower court without objection—cannot be made here.

3. PRACTICE—INSTRUCTIONS—ALTERNATIVE ISSUES WHEN ONLY ONE PRESENTED.—Where a statute created two offences, and the indictment was upon one of these only ; and the court instructed the jury authorizing a conviction under either of the two causes specified in the statute. Held, this authorized a conviction on a ground not specified in the charge ; that it was a departure ; and is a fatal error.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

FOSTER P. WRIGHT and WOOLDRIDGE & DANIELS, for the appellant.

I. The indictment is bad. It does not state any criminal offence. It does not specify any official act, which it was the duty of the defendant to perform ; nor that he had charge of any estate ; nor how he became invested with the office of public administrator. *Commonwealth v. Rapp*, 9 Watts 114.

II. The duties of this office are ministerial, except, possibly, in administering an oath, and this is not alleged here. So the date of the charge should be alleged with certainty. *State v. McCracken*, 20 Mo. 412; *State v. Hamilton*, 65 Mo. 669.

III. The court erred in admitting improper evidence for the state against the objections of defendant: as to his election ; as to such officer ; and as to the acts charged against him in the indictment.

IV. The court erred in the instructions given for the state. There was no evidence of the charge alleged, *while in the performance of official duty*, or when the law required it. It also erred in refusing defendant's instructions.

No brief on file for the respondent.

PHILIPS, P. J.—The defendant was indicted and convicted as public administrator of Cass county, under the following statute : " If any public officer, whether state, county, or city, town or township officer, shall be intoxicated while in the performance of any official act or duty, or shall become so intoxicated as to be incapacitated to perform any official act or duty, at the time and in the manner required of him in the discharge of the duties of his office, he shall be declared guilty of a misdemeanor in office," etc. In addition to the usual penalty in like offences, a conviction works a forfeiture of office.

Various objections are made to the indictment on this appeal.

I. It is objected that it does not specify any official act which it was the duty of defendant to perform while so intoxicated, nor that he had charge of any estate at the time, nor is it alleged how he became invested with the office.

It is to be borne in mind that the section of the statute is in the disjunctive, and contains two offences. The first is for being intoxicated while in the performance of any official act or duty ; and the second is for becoming so intoxicated as to be incapacitated to perform any official act or duty, at the time and in the manner required by his office. It was competent to indict him, according to the facts, for either or both of these offences. *State v. Batson*, 31 Mo. 343. The indictment is manifestly based on the second clause. It follows substantially the language of the statute, and that is sufficient in describing such statutory offences. *State v. Fulton*, 19 Mo. 680 ; *State v. Batson, supra ; State v. Stubblefield*, 32 Mo. 563 ; *State v. Roehn*, 61 Mo. 590 ; 1 Bish. Crim. Proc., sects. 611, 612.

II. It is next insisted that the indictment is bad, because it refers to two dates, the first day of June, 1883, the time when the offence begun; and the first day of January, 1885, the time when defendant's term of office terminated, after which follows the term "*then* and there." Conceding to appellant that the indictment is technically defective in this respect, his objection comes too late. It was not raised in the court below. After verdict such defects are cured by the statute of jeofails. Rev. Stat., sect. 1821.

III. It is also assigned for error that the trial court should have required a copy of the certificate of defendant's election as the best evidence that he was such public administrator. The parol evidence, that he held the office, etc., was admitted at the trial without objection on the part of defendant. The objection cannot be made for the first time on appeal. Had it been made timely the

state doubtless would have obviated the objection by introducing the better proof. *Walker v. Owens,* 79 Mo. 563–568.

IV. Certain questions asked of witnesses and answers made at the trial were objected to, touching how often the defendant was seen in an intoxicated condition for several months preceding the trial. The only tangible objection to the questions and answers, apparent to us, is that the inquiry was not limited, as it should have been, to the twelve months prior to finding the indictment.

V. The vice in the series of instructions asked by defendant and refused by the court lies in the assumption that the proof necessary to support a conviction should show that defendant was intoxicated while actually engaged in the performance of some act or duty required of him as such officer. This is a misconception of the issue tendered by the indictment. Had the indictment been based on the first clause of the statute some of the instructions refused should have been given. But, as already stated, the indictment is founded on the second clause. Under this indictment it was only incumbent upon the state to show that defendant had become so intoxicated as to incapacitate him to perform any act or duty devolving upon him at the time and in the manner required by his office. The officer might not attempt even to perform any given act or duty for the reason that he was too drunk; yet if this condition existed at a time when he should perform his duties he would be punishable under this indictment. It is simply a question of fact for the jury whether the defendant, within the year next before the finding the indictment, had become so intoxicated as to be incapacitated to perform any act or duty at the time and in the manner required of him by virtue of his office.

VI. But while the court properly refused defendant's instructions because they were inapplicable to the issue tendered in the indictment, it accorded to the state, in the instruction given at its instance, a direction to the

jury to find the defendant guilty if they believed from the evidence that he was guilty under either of the two causes specified in the statute. The instruction is in the alternative and covers both clauses. This authorized a conviction on a ground not specified in the charge. It was a departure, and is a fatal error. *Kenney v. R. R. Co.*, 70 Mo. 252; *Price v. R. R. Co.*, 72 Mo. 414; *Bell v. R. R. Co.*, 72 Mo. 50; *Benson v. R. R. Co.*, 78 Mo. 504; *Moberly v. R. R. Co.*, 17 Mo. App. 539.

The judgment of the circuit court is accordingly reversed, and the cause remanded. Ellison, J., concurs; Hall, J., absent.