STATE OF MISSOURI, Plaintiff in Error, v. CHARLES L. DELAY, Defendant in Error.

*( Transferred from the Supreme Court.)*

**St. Louis Court of Appeals, April 10, 1888.**

1. CRIMINAL LAW—VENUE IN INDICTMENT.—The venue stated in the margin is to be taken to be the venue for all the facts stated in the body of an indictment.

2. ——— INDICTMENT.—An indictment need not follow the words of the statute. If it uses words substantially the same, or words equivalent in meaning, it will be held sufficient.

ERROR to the Scott Circuit Court, HON. J. D. FOSTER, Judge.

*Reversed and remanded.*

ALBERT DEREIGN, for the plaintiff in error.

MARSHALL ARNOLD, for the defendant in error.

ROMBAUER, P. J., delivered the opinion of the court.

At the April term, 1885, of the Scott county circuit court the following indictment was presented :
"State of Missouri,  ⎰
                                        ⎱ ss.
" County of Scott.  ⎰

" The grand jurors of the state of Missouri, duly empaneled, sworn, and charged to inquire within and for the county of Scott, upon their oaths present and charge that Charles S. DeLay on, to-wit: on the second day of March, A. D. 1885, at the county of Scott, being then and is now an acting officer of said county, to-wit: associate justice of the county court of Scott county, Missouri, for district number two, in said county, duly

elected, commissioned, and qualified as associate justice of said district, did then and there, in his official capacity and under color of his said office, knowingly, wilfully, and corruptly, and unlawfully commit a certain fraud in his official capacity and under color of his said office, to-wit: by then and there knowingly, wilfully, fraudulently, and corruptly representing to one John Ashley, a licensed dram-shop keeper at the town of Oran, in said county, through the intervention and instrumentality of one Eugene Randolph and one Alexander Wright, that a petition to the county court of said county was in circulation to revoke the license of him the said John Ashley, at the March, 1885, term of said county court, and that, upon the payment by said John Ashley to him the said Charles S. DeLay the sum of fifteen dollars, he the said Charles S. DeLay, as such associate justice of said county court, would defeat said petition by withholding and preventing the said petition from being presented to said county court, by means of which said false, fraudulent, and untrue representations of him the said Charles S. DeLay, he the said John Ashley was induced and deluded to give, and did give, to the said Charles S. DeLay to defeat said petition the sum of five dollars, which said sum he the said Charles S. DeLay then and there received from the said John Ashley, by means of said false and fraudulent representations in his official capacity and under color of his said office, he the said Charles S. DeLay then and there well knowing that no such petition was being circulated, and intending then and there knowingly, wilfully, fraudulently, and corruptly, in his official capacity and under color of his said office, to extort, and did extort knowingly, wilfully, fraudulently, and corruptly, the sum of five dollars from him the said John Ashley against the peace and dignity of the state.

"Alb't DeReign, Pros. Att'y."

The defendant moved to quash the indictment for the following reasons: (1) That no venue is alleged therein for the commission of the alleged offence;

(2) no time is alleged therein in which said alleged offence purports to have been committed ; (3) because the charge and allegations in said indictment are so vague and indefinite that they fail to apprise the defendant of what he is called to answer; (4) because the facts alleged in said indictment do not constitute any crime under the laws of the state.

This motion was sustained by the court and the indictment quashed, to which the state excepted and sued out this writ.

The court erred in quashing the indictment. The first three grounds of objection are not true in point of fact, and not tenable in point of law. The venue stated in the margin is to be taken to be the venue for all the facts stated in the body of the indictment. Rev. Stat., sec. 1813 ; *State v. Simon*, 50 Mo. 370 ; *State v. Keel*, 54 Mo. 182.

The indictment sufficiently advises the defendant of the offence he stands charged with. An indictment need not follow the words of the statute. If it uses words substantially the same, or words equivalent in meaning, it will be held sufficient. *State v. Ware*, 62 Mo. 597 ; *State v. Watson*, 65 Mo. 115 ; *State v. West*, 21 Mo. App. 309. Subjected to this test the indictment charges an offence sufficiently under section 1848 of the Revised Statutes.

With the concurrence of all the judges, the judgment is reversed and the cause remanded.