## THE STATE v. WELLS, *Appellant*.

### Division Two, May 12, 1896.

**Criminal Law:** BANK OFFICER RECEIVING DEPOSITS KNOWING BANK TO BE INSOLVENT: INDICTMENT: VARIANCE. Under Revised Statutes, 1889, section 3581, making it a crime for a bank officer to "receive or assent" to the reception of any deposit of money knowing the bank to be insolvent, a conviction can not be sustained on an indictment charging merely that defendant did "receive" the deposit, where the evidence was only offered to show that he assented to the reception of the deposit, and wholly failed to show even an assent.

*Appeal from Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*H. D. Green* and *T. T. Loy* for appellant.

(1) The defendant being charged with receiving deposits in the Willow Springs Bank of Howell county, Missouri, as its cashier, knowing at the time of so receiving that the bank was insolvent and in failing circumstances, the state is held to strict proof of the charge as laid in the indictment, and the proof that another received is a total failure of proof. *State v. West*, 21 Mo. App. 309; *State v. Batson*, 31 Mo. 343; *State v. Clawson*, 30 Mo. App. 139; Wharton, Cr. Law [5 Ed.], secs. 616, 617, 618, 619. (2) The section of the statute upon which the indictment is bottomed is

in the disjunctive creating and providing for the punishment of two offenses, the one for receiving, the other for assenting to the reception; and the two offenses should be charged in separate counts under our practice.   R. S. 1889, sec. 3581; *State v. Buck*, 120 Mo. 479; *State v. Clay*, 100 Mo. 571; *State v. Houx*, 109 Mo. 654.   (3)  "It is the common and approved practice in this state, to charge in the same indictment several distinct felonies, when all relate to the same transaction and admit of the same legal judgment." *State v. Houx*, 109 Mo. 654.   (4)  The charging of one of these offenses and proving and convicting of the other is clearly a departure and a fatal error.   *State v. West*, 21 Mo. App. 309; *State v. Houx*, 109 Mo. 654. (5)   The doctrine is elementary and universal. Wharton Crim. Law [5 Ed.], secs. 616, 617, 618, 619.   (6) The pleader in criminal procedure must specifically and particularly charge the offense.   This doctrine is fully set out in the following well considered cases that we invite special attention to:   *State v. Rector*, 126 Mo. 328; *State v. Clay*, 100 Mo. 571; *State v. Terry*, 109 Mo. 601; *State v. Houx*, 109 Mo. 651; *State v. Hayward*, 83 Mo. 299.   (7)   Instruction numbered 1, given by the court of his own motion, was clearly erroneous.   It is in the alternative and directs the jury that they may find him guilty of receiving or assenting to the reception, thereby instructing on a charge not contained in the indictment.   Such an instruction misled the jury and is fatal error.   *State v. West*, 21 Mo. App. 309. (8) The doctrine of the failure of the bank being *prima facie* evidence of guilt is overcome when the defendant introduces any evidence rebutting that presumption and the burden is yet on the state to prove defendant's guilt, beyond a reasonable doubt.   *State v. Buck*, 120 Mo. 479.

*R. F. Walker*, attorney general, for the state.

(1)    The indictment in this case is sufficient, and charges the offense in the language of the statute under which it is drawn. Section 3581, Revised Statutes, 1889. (2)    The fact that the employee, young Downs, who had been left in charge of the bank by the defendant (cashier), who was his superior officer, with authority to represent him for the purpose of receiving deposits and transacting the other usual business in that capacity, actually received this deposit, makes the defendant as criminally liable as though it had been received by him in person. *State v. Sattley*, 33 S. W. Rep. (Mo.) 41. (3) It is shown by the testimony in this case that Wells, the acting cashier, had, at the time of this deposit, gone out upon the street, but had left Downs, who was a bookkeeper in the bank, in charge to perform his, Wells', duties as cashier, and that while Wells, who knew and must have known of the insolvency of the bank, was absent, he received this deposit. This being true, the defendant was properly convicted. (4)    The defendant complains of the admission and exclusion of testimony over his objections and exceptions. An examination of the testimony will show that no error was committed which could in any way have prejudiced the rights of the defendant in this respect. The instructions given by the court of its motion clearly present the law applicable to the facts, and covered completely all of the issues made by the indictment and the testimony.    Those asked upon the part of the defense and refused, were properly refused. (5)    By the indictment it was charged a deposit of $50 was received.    The testimony shows that the deposit made by Kilpatrick was $50.93, and it is claimed that this is such a variance between the charge and the proof that

this judgment should be reversed.    Such a contention is without merit, and is ridiculously absurd.

GANTT, P. J.—The defendant, Ebb T. Wells, was indicted in the Howell circuit court for receiving, as cashier of the Willow Springs Bank, a deposit of $50 of and from W. L. Kilpatrick on March 29, 1895, knowing at the time that said bank was insolvent and in failing circumstances.

On the trial it was shown beyond controversy by the state that the defendant was not in the bank at the time the deposit was received, but on the contrary it was received and accepted by another employee of the bank by the name of Fin Downs, a bookkeeper in the employment of the bank.

The records of the bank, which was shown to be duly incorporated, discloses that on March 21, 1895, eight days before the deposit was made, the defendant Wells was suspended as cashier of said bank; that after that time he was simply acting for accommodation until they could get a man in his place.    The records of the various meetings of the directors after the resolution removing him were signed by defendant as "acting cashier."    No "by-law" or other evidence was offered to show that defendant had the power of direction or control over the bookkeeper Downs or that Downs was authorized by him to receive deposits of money into the bank.

The evidence offered by defendant tended to prove that he had borne an excellent reputation for honesty and integrity; that the loans which occasioned the failure of the bank had all been made prior to his employment as cashier, and that he did not know the bank was insolvent or did not consider it so until the night after the deposit in question was made.

The court, among other instructions, gave the following:

"1.    If you believe from all the facts and circumstances in evidence, that this defendant on the twenty-ninth day of March, 1895, in Howell county, Missouri, was cashier, or acting cashier of the Willow Springs Bank, a banking institution incorporated under the laws of this state, and that at the time such bank was in failing condition, and that defendant, after having knowledge of that fact, received or *permitted* the reception from W. L. Kilpatrick, the sum of $50.93 as a deposit in such bank, you should find the defendant guilty and assess his punishment in the penitentiary not less than two nor more than five years.

"2.    The failure of the banking institution in this case or in question, is *prima facie* evidence of knowledge on the part of the defendant that the same was in failing circumstances on the twenty-ninth day of March, 1895, and that such *prima facie* evidence is such that raises such a degree of probability in its favor that it must prevail unless it is rebutted or the contrary proven."

And refused the following prayed by defendant:

"11.    The court instructs the jury that the indictment in this case has but one count, in which count the defendant is charged to have been cashier of the Willow Springs Bank, located in Willow Springs, Howell county, Missouri, and as such officer he received the money on deposit in the bank on the date named in said indictment with knowledge at the time he received said deposit that the bank was insolvent and in failing circumstances.

"Now before you can find the defendant guilty under the indictment you must find or believe from the evidence in the cause and beyond a reasonable doubt

that the state has established the truth of the following propositions:

"*First*. That at the time named in the indictment, the defendant was *cashier* of said Bank of Willow Springs, and *received the money* from the party named in the indictment as a deposit.

"*Second*. That at the date of the reception of said deposit, the bank was as a matter of fact, insolvent and in failing circumstances.

"*Third*. That at the time the money was received by the defendant from the party named in the indictment as a deposit the defendant had knowledge at the time that said bank was insolvent and in failing circumstances, and unless all the foregoing propositions have been established to your entire satisfaction and beyond a reasonable doubt, your verdict must be for the defendant, acquitting him of the offense charged.

"And you are further instructed that it is not enough that the evidence in the case goes to show his guilt, but such evidence must be entirely inconsistent with the reasonable supposition of his innocence; suspicion, however strong, or probabilities, however great, will not be sufficient to justify a conviction; but the evidence to justify a conviction must be positive, convincing, establishing the guilt of the defendant of the charge contained in the indictment beyond a reasonable doubt; and unless the evidence so convinces you, you must return a verdict of not guilty."

The court also refused to sustain a demurrer to the evidence or direct an acquittal either at the close of the state's case in chief or at the close of all the evidence.

Under the instructions of the court the jury convicted the defendant and fixed his punishment at two years in the penitentiary from which he appeals.

This prosecution is founded on section 3581, Revised Statutes, 1889, which provides that, "if any

president, director, manager, cashier or other officer
of any banking institution, or the owner, agent or
manager of any private bank or banking institution
doing business in this state, shall receive or assent to
the reception of any deposit of money or other valua-
ble thing in such bank or banking institution   *   *   *
after he shall have had knowledge of the fact that such
banking institution   *   *   *   is insolvent or in failing
circumstances, he shall be deemed guilty of larceny.''

It will be observed that the statute is in the dis-
junctive and under its terms it is an offense for any
officer designated *to receive* a deposit into the bank
after he shall have had knowledge of its insolvency;
and it is likewise an offense for such officer to *assent* to
the reception of a deposit under these circumstances.
*State v. Batson*, 31 Mo. 343; *State v. West*, 21 Mo.
App. 309.

It must be further noticed that the indictment
charges only that defendant as cashier of said bank at
Willow Springs, *received* the deposit. It is nowhere
alleged that he assented to the reception of the deposit.
It is one thing to receive the deposit; another, to assent
to receiving it. Though each is an offense, they are not
one and the same offense, and a charge in an indict-
ment that the defendant received a deposit knowing
the bank was insolvent is not sustained by proof of
assenting only. Had the proof shown that defendant
was cashier and knowingly assented to the reception of
the deposit by Downs, the bookkeeper, he could not
have been convicted under this indictment which only
charges a reception by defendant of the deposit. This
is a criminal prosecution for a felony and the state
must establish the crime charged in its indictment and
not another, though kindred, crime. As the evidence
did not tend to prove reception of the deposit, it pre-

sents a case of total failure of proof and the court should have directed an acquittal.

The attorney general has suggested that perhaps the judgment might be affirmed on the principle announced in the *Sattley Case*, 131 Mo. 464. The distinction between the cases is obvious. In *Sattley's* case it was shown beyond peradventure that the teller who received Mrs. Vogt's money was under the direction and control of Sattley and had authority from Sattley to receive the deposit and that Sattley himself signed the time certificate of deposit and the indictment contained three counts, the first charging the reception of the money, the second, his assent to its reception, and the third his assent to the creation of the debt, knowing at the time of the insolvency of the bank.

We have no doubt of the propriety of joining the counts in one indictment as was done in *Sattley's* case, but when, as in this case, the pleader contents himself with selecting the particular offense and averring it in one count he must be held to prove it as charged.

In this case there was no evidence that defendant Wells had ever authorized the bookkeeper to receive a deposit; clearly none that Wells exercised the slightest control over the other employees of the bank after his removal by the board of directors. The court should have directed an acquittal. The judgment is reversed and the prisoner discharged. SHERWOOD and BURGESS, JJ., concur.